The State of Ohio, Appellant, *v.* Seta, Appellee.

[Cite as State v. Seta, 16 Ohio App. 2d 97.]

(No. 10522—Decided September 3, 1968.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Simon L. Leis, Jr.,* for appellant.
*Mr. Eugene J. Stagnaro, Jr.,* for appellee.

Shannon, J. This is an appeal on questions of law from the Hamilton County Municipal Court following the granting of defendant's oral motion to dismiss the charge set forth in the affidavit.

We hold that the solicitor is permitted to maintain this

proceeding to review that judgment under authority of *Euclid* v. *Heaton*, 15 Ohio St. 2d 65, paragraph four of the syllabus:

"Sections 2945.67 to 2945.70, inclusive, Revised Code, are unconstitutional insofar as they permit the prosecutor in a criminal case to institute proceedings to review a judgment of the trial court, except where the judgment of such court decides 'a motion to quash, a plea in abatement, a demurrer, or a motion in arrest of judgment,' or the equivalent thereof."

In the case at bar, defendant's motion was filed pursuant to Section 2937.04 of the Revised Code, which provides, in part:

"* * * accused * * * may then raise, by motion to dismiss the affidavit or complaint, any exception thereto which could be asserted against an indictment or information by motion to quash, plea in abatement, or demurrer. * * *"

We find the motion to dismiss the affidavit to be the equivalent of a motion to quash, a plea in abatement or a demurrer and comes within the exception reserved by *Euclid* v. *Heaton, supra.*

The essential facts are undisputed. On November 16, 1967, three Ohio state liquor control agents observed defendant drive to a liquor store in Newport, Kentucky, enter therein and thereafter have placed in the trunk of his car ten cases of whiskey.

Defendant drove from Kentucky into Ohio, followed by the agents, and parked his vehicle. Cincinnati police summoned by the liquor agents placed defendant under arrest for illegal transportation of liquor, and, in response to a request, defendant voluntarily opened the trunk of his car and the whiskey was found therein.

Subsequently, the affidavit was filed alleging a violation of Section 4301.60, Revised Code, to wit:

"George O'Reilley, being first duly cautioned and sworn, deposeth and says that one Alfred Seta, not being the holder of an 'H' permit issued by the department of liquor control on or about the 16th day of November, A. D. 1967 at and in the city of Cincinnati, county of Hamilton and state of Ohio, did unlawfully transport intoxicating liquor contrary to and in violation of Section 4301.60

of the Revised Code and against the peace and dignity of the state of Ohio.''

Without entering a plea to the charge, defendant moved for dismissal on two grounds: first, that Section 4301.60 and Section 4303.25 conflict and that he should have been charged under Section 4303.25; and, secondly, that the search of his car was unlawful. Because of the ruling below that defendant was neither a common carrier nor a contract carrier for hire and that only a member of such class or classes can be charged with a violation of Section 4301.60, it is not necessary to consider defendant's claim of unlawful search and seizure.

It is defendant's contention that he was *importing* liquor rather than transporting it. He urges that the act of bringing alcohol from a point outside Ohio is an act of importing under Section 4303.25 and not transporting as prohibited under Section 4301.60, Revised Code.

Section 4303.25 states:

''No person by himself or by his clerk, agent, or employee shall manufacture, manufacture for sale, offer, keep, or possess for sale, furnish or sell, or solicit the purchase or sale of any beer or intoxicating liquor in this state, or transport, or import, or cause to be transported or imported any beer, intoxicating liquor, or alcohol in or into this state for delivery, use, or sale, unless such person has fully complied with Chapters 4301. and 4303. of the Revised Code or is the holder of a permit issued by the Department of Liquor Control and in force at the time.''

Section 4301.60 states:

''No person, who is not the holder of an H permit shall transport beer, intoxicating liquor, or alcohol in this state. This section does not apply to the transportation and delivery of beer, alcohol, or intoxicating liquor purchased or to be purchased from the holder of a permit issued by the Department of Liquor Control, in force at the time, and authorizing the sale and delivery of the beer, alcohol, or intoxicating liquor so transported, or to the transportation and delivery of beer, intoxicating liquor, or alcohol purchased from the department or the Tax Commissioner, or purchased by the holder of an A or B permit

outside this state and transported within this state by them in their own trucks for the purpose of sale under their permits.''

Defendant concludes that the word, ''import,'' has a separate and distinct meaning from ''transport'' as used in the statutes, and that only Section 4303.25 makes importation a crime. Therefore, he argues, Section 4301.60 cannot apply to the act which he admits having committed.

The issue, as we see it, is whether a person not the holder of a requisite permit may transport alcohol in the state of Ohio.

In its ordinary acceptation, to transport means to carry; to convey; as by wagon, cart, sleigh, boat, or otherwise. Ballentine's Law Dictionary, Second Edition.

Clearly, the defendant was transporting, that is, carrying or conveying, liquor when he drove his vehicle from Kentucky into and within Ohio. His stated purpose in possessing the whiskey was to deliver it to the Slippery Rock Social Club for distribution to members of that organization at dances. Whether such activity on his part constituted importing whiskey is, to us, immaterial.

The activity of defendant is violative of the unmistakable prohibition set forth in the initial sentence of Section 4301.60 of our Code.

We hold that where a person not being the holder of an H permit purchases intoxicating liquor in another state and thereafter transports it within the state of Ohio for delivery therein he can be charged under the provisions of Section 4301.60, Revised Code.

Consequently, the judgment of the court below dismissing the charge against defendant is reversed, and this cause is remanded for further proceedings according to law in harmony with the provisions of Section 2945.70, Revised Code.

*Judgment reversed.*

LONG, P. J., and HILDEBRANT, J., concur.