PEOPLE v STONE TRANSPORT, INC

Docket No. 213894. Submitted February 10, 2000, at Grand Rapids. Decided May 9, 2000, at 9:15 A.M.

Stone Transport, Inc., was found in the 70th District Court to be responsible for two civil infractions for operating trailer combinations whose length exceeded the limits set by § 719 of the Vehicle Code, MCL 257.719; MSA 9.2419. The Saginaw Circuit Court, Lynda L. Heathscott, J., affirmed on appeal. The defendant appealed by leave granted.

The Court of Appeals *held*:

Subsection 719(3) of the Vehicle Code subjects combinations of truck tractor and two semitrailers, or truck tractor, semitrailer, and trailer to either one or two limits: no overall length limit if the length of each semitrailer or trailer does not exceed 28½ feet, or fifty-eight feet in overall length measured from the front of the first towed unit to the rear of the second towed unit while the units are coupled. Subsection 719(8)(c) provides that semitrailers and trailers shall be measured for length from the front vertical plane of the foremost transverse load supporting structure to the rearmost transverse load supporting structure.

In this case, the defendant's trailer combinations were not measured in accordance with subsection 719(8)(c) in the course of the determination that two of the individual trailers that formed the combinations exceeded 28½ feet in length. The inclusion of the coupling devices that joined the trailers in the measurement of two trailers is not supported by the language of § 719.

Reversed.

AUTOMOBILES — VEHICLE CODE — LENGTH OF SEMITRAILER AND TRAILER COMBINATIONS.

A combination of truck tractor and two semitrailers, or truck tractor, semitrailer, and trailer is subject to either one of two length limits under the Vehicle Code: no overall limit if the length of each semitrailer or trailer does not exceed 28½ feet, or a limit of fifty-eight feet in overall length measured from the front of the first towed unit to the rear of the second towed unit while the units are coupled; for purposes of the first test, the coupling device linking two semitrailers or a semitrailer and a trailer is not measured when

determining the length of a semitrailer or trailer (MCL 257.719[3], [8][c]; MSA 9.2419[3], [8][c]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Randy L. Price*, Assistant Prosecuting Attorney, for the people.

*Braun Kendrick Finkbeiner, P.L.C.* (by *Scott C. Strattard* and *Frederick C. Overdier*), for the defendant.

Before: ZAHRA, P.J., and WHITE and HOEKSTRA, JJ.

PER CURIAM. Defendant appeals by leave granted from an order affirming the district court's decision finding defendant responsible for two civil infractions for operating over-length vehicles on Michigan highways in violation of MCL 257.719; MSA 9.2419. We reverse.

Defendant contends that the circuit court erred in interpreting the definition of length under MCL 257.719(8)(c); MSA 9.2419(8)(c) by holding that a coupling device may be included in the measurement of a trailer's length. We agree. Statutory interpretation and application is a question of law that this Court reviews de novo. *People v Webb*, 458 Mich 265, 274-275; 580 NW2d 884 (1998).

When interpreting a statute, this Court's primary goal is to ascertain and give effect to the intent of the Legislature. *Id.* at 273-274. To discern the intent of the Legislature, this Court must first look to the specific language of the statute. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). If the plain and ordinary meaning of the statutory language is clear, judicial construction is inappropriate. *Id.* How-

ever, if reasonable minds could differ regarding the statute's meaning, judicial construction is appropriate. *Id.*; *People v Armstrong*, 212 Mich App 121, 123; 536 NW2d 789 (1995). This Court must look to the purpose of the statute, the harm it is designed to remedy, and apply a reasonable construction that accomplishes the statute's purpose. *People v Adair*, 452 Mich 473, 479-480; 550 NW2d 505 (1996); *People v Williams*, 236 Mich App 610, 613; 601 NW2d 138 (1999). "[L]iteral construction of a statute that would produce absurd and unjust results clearly inconsistent with the purposes and policies of the statute should be avoided." *Livonia v Goretski Constr Co*, 229 Mich App 279, 289-290; 581 NW2d 761 (1998).

Subsection 719(2) of the Vehicle Code, MCL 257.719(2); MSA 9.2419(2), provides the "normal length maximum" of vehicles and combinations of vehicles that may be operated on Michigan highways. Notwithstanding the maximum lengths provided in subsection 719(2), specific exceptions to the length of combinations are provided in subsection 719(3):

> Notwithstanding subsection (2), the following vehicles and combinations of vehicles shall not be operated on a designated highway of this state in excess of these lengths:
>
> \*     \*     \*
>
> (c) Truck tractor and 2 semitrailers, or truck tractor, semitrailer, and trailer combinations: no overall length limit, if the length of each semitrailer or trailer does not exceed 28-1/2 feet each, or the overall length of the semitrailer and trailer, or 2 semitrailers as measured from the front of the first towed unit to the rear of the second towed unit while the units are coupled together does not exceed 58 feet. [MCL 257.719(3); MSA 9.2419(3).]

The pivotal issue in the present case revolves around the meaning of "length" in the quoted language. Subsection 719(8)(c) defines the term "length" as used in § 719:

> "Length" means the total length of a vehicle, or combination of vehicles, including any load the vehicle is carrying. Length shall not include safety or energy conservation devices . . . . *Semitrailers and trailers shall be measured from the front vertical plane of the foremost transverse load supporting structure to the rearmost transverse load supporting structure.* [MCL 257.719(8)(c); MSA 9.2419(8)(c) (emphasis supplied).]

This provision, as applied in the present case, requires a determination whether the dolly, i.e., the coupling device, that is used to connect the lead trailer to the pup trailer[1] is included within the statutory language. See MCL 257.719(8)(c); MSA 9.2419(8)(c).

In applying the statutory definition of length, defendant claims that the foremost load supporting structure is the front end of the semitrailer or trailer, that the dolly is not an integral part of the trailer, and that the dolly was never intended to be measured. In essence, defendant claims that the two trailers in a combination should be measured the same, because they are the same length and their positions are interchangeable. Defendant explains that each semitrailer should be measured from the front vertical portion of the trailer to the rear of the trailer. Moreover, defendant presented testimony that for the past ten years it

---

[1] As used in this case, the term "pup trailer" refers to the rear trailer when a tractor pulls two trailers in combination. The parties refer to this configuration as a "breakup double."

has been utilizing the same vehicle combination and, although having been subject to measurements, it has not been issued an over-length citation until the current citations that were issued by the same enforcement officer. In opposing defendant's interpretation of the statutory language, the prosecution maintains that because the dolly was a loadbearing structure, it was properly included in the measurement. The prosecution explains that the lead trailer does not need the load bearing dolly when a pup trailer is not used, but only when the pup trailer is hitched to a semitrailer because without the dolly nothing would support the load at the front of the pup trailer.

In our opinion, each of these interpretations is defensible in the context of the statutory language, and thus there is no one clear interpretation. Because the statutory language with regard to how the length of combinations of vehicles is to be measured is subject to varying interpretations, resolution of the issue on appeal requires judicial interpretation of § 719.[2] We note that § 719 is devoid of language specifically including or excluding the measurement of a coupling device as part of the statutorily defined length of the vehicle.

On balance, we believe the easiest measurement to apply to satisfy the purposes of the length restriction as well as to provide consistency in the implementation of the measurements is defendant's interpretation. Moreover, defendant presented as an exhibit at trial the 1989 Truck Guide that is published by the state and distributed by the Michigan State Police

---

[2] The prosecution's brief seems to suggest that this is not a case of statutory interpretation but rather a case where we review the trial court's fact finding for clear error. We reject that assertion.

Motor Carrier officers to educate truckers about Michigan laws, which provides that the coupling device is not included in the measurement of trailers.[3] We consider the truck guide evidence of how the statutory language has been applied previously, which is inconsistent with how it was applied when the citations that led to this action were issued, and we consider this change in interpretation further evidence of the ambiguity of the statute.

For purposes of uniformity and because defendant for many years relied on the interpretation distributed by the Michigan State Police Motor Carrier Division in an advisory publication, investing considerable amounts of money in equipment in reliance on that interpretation, we see no reason to deviate from that traditional measurement absent a strong indication that such interpretation is contrary to the statutory language and the legislative intent.[4] Seeing no such evidence, we hold defendant's interpretation binding. In other words, the length of each trailer in a combination is measured from the front vertical portion of the trailer to the rear of the trailer, and the coupling device is not included in the measurement.[5]

---

[3] Although the document relied on, an exhibit in the district court trial, was not contained in the circuit court record, defendant referred to its language in its brief on appeal. We have no reason to believe that defendant's recitation is inaccurate, and we note that the circuit court referred to that document and its language excluding the coupling device during measurement.

[4] Defendant also argues on appeal that estoppel principles apply where defendant relied on information in a truck guide published by the state. Our interpretation of the statutory language does not require us to reach that issue; rather, we find that the document is persuasive in helping this Court to interpret the statutory language.

[5] Should the Legislature disagree with our assessment, it may choose to redraft subsection 719(8)(c).

Thus, we find that the lower courts erred in holding that defendant's trailer was properly measured. As such, we need not address defendant's other issues on appeal.

Reversed.