WALTER TOEBE CONSTRUCTION COMPANY v
DEPARTMENT OF TREASURY

Docket No. 291764. Submitted July 14, 2010, at Detroit. Decided July 27,
2010. Approved for publication September 2, 2010, at 9:00 a.m.

Walter Toebe Construction Company petitioned the Tax Tribunal after
the Department of Treasury disallowed a single business tax credit
petitioner sought for taxes petitioner claimed to have paid on indus-
trial personal property. The parties agreed that the property had been
erroneously classified by the local assessor as commercial personal
property, but the Tax Tribunal affirmed the disallowance, noting that
the property had never been classified by the assessor as industrial
personal property and holding that this classification was required
under the Single Business Tax Act (SBTA), former MCL 208.1 *et seq.*,
before the credit could be claimed. Petitioner appealed.

The Court of Appeals *held*:

The Tax Tribunal correctly disallowed the credit. Former MCL
208.35d(6)(a) defined "industrial personal property" for which a tax
credit may be claimed as "property classified as industrial personal
property under [MCL 211.34c(3)]," a provision of the General Prop-
erty Tax Act. By using this language, the Legislature intended to
make the definition dependent on the assessor's classification. Be-
cause the assessor never classified the property at issue as industrial
personal property, petitioner could not claim the credit.

Affirmed.

TAXATION — SINGLE BUSINESS TAX ACT — CLASSIFICATION OF PROPERTY —
INDUSTRIAL PERSONAL PROPERTY.

A taxpayer may claim a tax credit under the former Single Business
Tax Act for "industrial personal property," which is defined as
property classified as industrial personal property under MCL
211.34c(3), a provision of the General Property Tax Act; property
meets this definition only if it has been classified by the assessor as
industrial personal property (former MCL 208.35d[6][a]).

*Dickinson Wright PLLC* (by *Robert F. Rhoades* and
*Adam D. Grant*) for petitioner.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Steven B. Flancher*, Assistant Attorney General, for respondent.

Before: SHAPIRO, P.J., and SAAD and SERVITTO, JJ.

PER CURIAM. Petitioner appeals as of right the order of the Tax Tribunal granting respondent's motion for summary disposition. We affirm.

Petitioner is a Michigan corporation engaged in the construction business. The local tax assessor classified a portion of petitioner's property as commercial personal property for tax year 2006. The parties agree that the property in question should have been classified as industrial personal property and that the assessor simply erred in the classification.

When filing its 2006 single business tax return, petitioner claimed a tax credit of $17,810 for $118,731 in taxes it claimed to have paid on industrial personal property. Respondent sent a notice of adjustment, informing petitioner that it was disallowing the credit because petitioner had not attached any statement that the taxes had been levied and paid or that the property was classified as industrial personal property.

Petitioner, through its accountant, responded that it had paid property taxes on the property at issue and that the property fit the definition of "industrial personal property" found in § 34c of the General Property Tax Act (GPTA), MCL 211.34c.

The hearing referee found that "[i]ndustrial personal property is defined by statute and not by an assessor." Because the property fit the definition in the GPTA, the referee recommended allowing the credit, despite the assessor's classification.

Respondent rejected the hearing referee's recommendation. It asserted that the definition in the GPTA was inapplicable and that the appropriate definition was that found in the Single Business Tax Act (SBTA), former MCL 208.1 *et seq.*[1] Countering petitioner's argument that the SBTA definition had simply imported the GPTA definition, respondent noted that the SBTA definition requires the property to be "classified as industrial personal property" under the GPTA. Former MCL 208.35d(6)(a). Because the property in question had never been classified as industrial personal property, according to respondent, it did not meet the SBTA definition, and petitioner was ineligible for the credit.

Petitioner petitioned the Tax Tribunal for a redetermination of the decision. The Tax Tribunal agreed with respondent's argument and affirmed its decision. Petitioner brings this appeal.

The sole issue on appeal is whether the Tax Tribunal erred by holding that the since-repealed SBTA definition of "industrial personal property" depended on the classification of the property by the tax assessor or whether it only indicated that the SBTA imported the definition of "industrial personal property" from the GPTA. We review de novo questions of statutory interpretation and application. *People v Stone Transp, Inc*, 241 Mich App 49, 50; 613 NW2d 737 (2000). Our goal in interpreting a statute is to give effect to the Legislature's intent. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999).

Many sections of the SBTA imported definitions from other statutes. For example, the SBTA defined a "United States corporation" with reference to the Internal Revenue Code, specifically 26 USC 7701(a)(3) and (4), by using the words "as those terms are defined in," rather

---

[1] The SBTA was repealed by 2006 PA 325, effective December 31, 2007.

than "classified as." Former MCL 208.3(1). Similarly, the act defined "insurance company" with reference to section 106 of the Insurance Code, MCL 500.106, again with the words "as defined in," not "classified as." Former MCL 208.5a. Throughout the act, "as defined in" or "as defined by" were the phrases used to denote an adoption of a statutory definition from another statute. See, e.g., former MCL 208.9(3)(g)(*iii*); 208.9(7)(c)(*ii*); 208.10(4); 208.19(5)(d); 208.31a(5)(d). Significantly, the word "classified" was never used for this purpose.

It follows, then, that if the Legislature, in drafting the SBTA, had wished to import the definition of "industrial personal property" from the GPTA, it would have chosen to say, as it did throughout the SBTA, " 'Industrial personal property' means that term as defined in section 34c of the general property tax act," or something similar. Instead, the Legislature chose to define "industrial personal property" as "personal property *classified* as industrial personal property *under* section 34c of the general property tax act . . . ." Former MCL 208.35d(6)(a) (emphasis added); see also former MCL 208.35f(6)(a) and 208.35g(6)(a). Section 34c of the GPTA contains not only a definition of "industrial personal property," but also imposes on assessors a duty to classify property under that section. MCL 211.34c(1) and (3)(c). The most reasonable inference to be drawn from the Legislature's use of this language is that it intended to allow respondent to rely on the assessor's classification of property under MCL 211.34c(1) and did not intend to require respondent to make an independent assessment of whether taxpayers' property met the definition in MCL 211.34c(3).

We are bound, when interpreting a statute, to give effect to the Legislature's intent. Because it is clear from reading the SBTA that the Legislature intended to

make the definition of "industrial personal property" dependent on the assessor's classification, and because the property at issue in this case was never classified as industrial personal property by the assessor, we affirm the decision of the Tax Tribunal disallowing the tax credit.

Petitioner argues that respondent's interpretation of the statute, which we adopt today, leads to an absurd result. The tax credit at issue required a taxpayer to "file within the time required the statement of personal property described in section 19 of the general property tax act, 1893 PA 206, MCL 211.19 . . . ." Former MCL 208.35d(3). Petitioner notes, correctly, that the deadline for filing the statement of personal property is February 20, MCL 211.19(2), but the assessor has until March to classify the property, MCL 211.34c(1). Petitioner argues that it would therefore be impossible for a taxpayer to rely on the assessor's classification in making its statement of personal property, and therefore impossible to claim the tax credit. However, the statement of personal property described in MCL 211.19 does not require a taxpayer to know or assert how its personal property should be classified by the assessor. A taxpayer would then file its single business tax return four months after the close of its tax year. Former MCL 208.73(1). By this time, of course, the taxpayer would have had the classification of the property from the assessor, and there would be nothing impossible about claiming the tax credit. Further, if petitioner's argument were correct, the GPTA would be absurd regardless of the SBTA because the GPTA requires the statement of personal property to precede the assessor's classification of property. But there is no absurdity or impossibility in requiring this because the statement of personal property does not require knowledge of the assessor's classification.

Affirmed.