*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEMITRIUS DENNIS-IRVIN SEUELL, also
known as DEMITRIUS DENNIS-IRVING SEUELL,

        Defendant-Appellant.

UNPUBLISHED
March 12, 2025
10:42 AM

No. 366901
Berrien Circuit Court
LC No. 2022-001076-FH

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of carrying a concealed weapon in a vehicle (CCW in a vehicle), MCL 750.227(2). The trial court sentenced defendant to 150 days in jail and two years of probation. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2022, defendant's hatchback-style vehicle was stopped for a traffic violation by a Michigan State Police sergeant. Defendant informed the sergeant that he had an unloaded pistol in the vehicle. The sergeant located the pistol in a pistol box on the edge of the backseat, and loaded magazines in the glove compartment. Although defendant testified that he lawfully purchased the pistol and registered the purchase, defendant did not have a concealed pistol license (CPL). At trial, the sergeant testified that the pistol box and magazines were "within reach" of defendant in the driver's seat.

Defendant was convicted and sentenced as described. After his release, defendant moved the trial court for post-conviction relief or a new trial, arguing that MCL 750.227(2) was unconstitutional under *New York State Rifle & Pistol Ass'n, Inc v Bruen*, 597 US 1; 142 S Ct 2111; 213 L Ed 2d 387 (2022). The trial court denied defendant's motion. This appeal followed. On appeal, defendant does not contest that his conduct satisfied the elements of CCW in a vehicle; however, he argues that the language of the exemption to MCL 750.227(2) found in MCL 750.231a is unconstitutionally vague and overbroad, and that MCL 750.227(2) is itself unconstitutional under the Second Amendment, US Const, Am II, and *Bruen*.

-1-

## II. CONSTITUTIONALITY OF MCL 750.231a

Defendant argues that the phrase "readily accessible" in MCL 750.231a fails to provide fair notice to the public of the proscribed conduct and gives the jury unlimited discretion to determine if an offense has been committed. We disagree.

Generally, this Court reviews de novo challenges to the constitutionality of a statute under the void-for-vagueness doctrine. *People v Beam*, 244 Mich App 103, 105; 624 NW2d 764 (2000). However, defendant never challenged in the trial court the constitutionality of the "readily accessible" element of CCW in a vehicle. We review for plain error unpreserved challenges to a statute's constitutionality. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014); see also *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Statutes are presumed to be constitutional, and the burden is on the party challenging the statute to prove otherwise. *In re TEM*, 343 Mich App 171, 180-181; 996 NW2d 850 (2022). "The 'void for vagueness' doctrine is a derivative of the constitutional guarantee that a state may not deprive a person of life, liberty, or property without due process of law." *STC, Inc v Dep't of Treasury*, 257 Mich App 528, 538; 669 NW2d 594 (2003). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *People v Tombs*, 260 Mich App 201, 218; 679 NW2d 77 (2003) (quotation marks and citation omitted). Because defendant does not here claim that his conduct is constitutionally protected by the First Amendment, this Court examines defendant's vagueness challenge in light of the facts of this case. See *id*.

A defendant may not assert that a statute is overbroad and reaches innocent conduct if the defendant's conduct clearly falls within the language of the statute. See *People v Lynch*, 410 Mich 343, 352; 301 NW2d 796 (1981). In other words, "[a] defendant has standing to raise a vagueness challenge only if the statute is vague as applied to his conduct." *People v Al-Saiegh*, 244 Mich App 391, 397 n 5; 625 NW2d 419 (2001). Moreover, even if "a statute may be susceptible to impermissible interpretations, reversal is not required where the statute can be narrowly construed so as to render it sufficiently definite to avoid vagueness and where the defendant's conduct falls within that prescribed by the properly construed statute." *Id*.

"To give fair notice, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited or required." *People v Noble*, 238 Mich App 647, 652; 608 NW2d 123 (1999) (citation omitted). "A statute cannot use terms that require persons of ordinary intelligence to speculate regarding its meaning and differ about its application." *People v Sands*, 261 Mich App 158, 161; 680 NW2d 500 (2004). "For a statute to be sufficiently definite, its meaning must be fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Id*. "Unless defined in the statute, every word or phrase therein should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *People v Hack*, 219 Mich App 299, 305; 556 NW2d 187 (1996). To survive constitutional scrutiny, the words used in a statute are not required to have a single meaning, *Dep't of State Compliance & Rules Div v Mich Ed Ass'n-NEA*, 251 Mich App 110, 120; 650 NW2d 120 (2002), and a statute need not define an offense with "mathematical certainty," *Grievance Administrator v Fieger*, 476 Mich 231, 255; 719 NW2d 123 (2006) (citation omitted).

MCL 750.227(2), the statute under which defendant was charged, provides:

> A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

MCL 750.231a provides exceptions to MCL 750.227(2), and provides in relevant part:

> (1) Subsection (2) of section 227 does not apply to any of the following:
>
> * * *
>
> (e) To a person while transporting a pistol for a lawful purpose that is licensed by the owner or occupant of the motor vehicle in compliance with section 2 of 1927 PA 372, MCL 28.422, and the pistol is unloaded in a closed case designed for the storage of firearms in a vehicle that does not have a trunk and *is not readily accessible to the occupants* of the vehicle. [Emphasis added.]

To support a conviction of CCW in a vehicle, "the prosecution must show: (1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was 'carrying' it." *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999) (quotation marks and citation omitted). Evidence that a pistol was placed in the vehicle "in a location that made the weapon readily accessible to defendant" is sufficient to show that defendant was "carrying" the pistol. *Id*. at 397. "Carrying" is equivalent to the concept of possession. See *People v Barbee*, 325 Mich App 1, 12 n 4; 923 NW2d 601 (2018), citing *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982). "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011).

Defendant does not here argue that MCL 750.227(2) itself is unconstitutionally vague—in other words, he does not dispute that the statutory prohibition on "carrying" a pistol in an automobile is constitutionally sound. Rather, he argues that the phrase "readily accessible" in MCL 750.231a is unconstitutionally vague as applied to him. See *Tombs*, 260 Mich App at 218. We disagree. Because MCL 750.231a does not define the terms "readily" or "accessible," this Court "start[s], therefore, by consulting dictionary definitions to determine the plain and ordinary meaning of" the terms. *People v Wood*, 506 Mich 114, 122; 954 NW2d 494 (2020) (quotation marks and citation omitted). "Readily" is defined as "in a ready manner" such as "without hesitating" or "without much difficulty." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Accessible" is defined as "capable of being reached." *Merriam-Webster's Collegiate Dictionary* (11th ed).

The language of the exemption closely mirrors the law of constructive possession. Simply put, the exemption for vehicles without a trunk, such as defendant's, provides that the pistol must be unloaded, stored in a case, and placed in an area that is not able to be easily accessed by the

occupants of the vehicle. The prosecution was already required to prove that defendant had actual or constructive possession of a pistol in a vehicle in order to sustain a conviction for CCW in a vehicle; the exemption found in MCL 750.231a merely provides guidance on how to transport a pistol *without* being found to have constructively possessed it in violation of MCL 750.227(2). Persons of ordinary intelligence can discern when an item is or is not readily accessible by the occupant of a vehicle; accordingly, the phrase in question is not unconstitutionally vague. See *Noble*, 238 Mich App at 652.

## III. CONSTITUTIONALITY OF MCL 750.227(2)

Defendant also argues that MCL 750.227(2) is itself unconstitutional and that his defense counsel was ineffective for not raising that issue under *Bruen*. Because we are bound by established precedent, we disagree.

In *Bruen*, 597 US at 10, the United States Supreme Court held that the Second Amendment and Fourteenth Amendment, US Const, Am XIV, protect an individual's right to carry a handgun for self-defense outside the home. The Court further held that New York's may-issue licensing regime (in contrast to a shall-issue regime such as Michigan's) for carried handguns violated the Constitution by imposing a "special need" or "good cause" requirement for carrying one. *Bruen*, 597 US at 11.

Defendant argues that the very requirement of a CPL runs afoul of the Second Amendment and *Bruen*. The same argument was made, and rejected, in *People v Langston*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367270); slip op at 3, where this Court explicitly ruled that "the requirement of MCL 750.227 that a person must possess a valid CPL in order to carry a pistol in an automobile does not violate the Second Amendment." *Id*.[1] We are bound to follow *Langston*.[2] MCL 7.215 (C), (J)(1). Accordingly, defendant has not established that MCL 750.227(2) is unconstitutional, and defense counsel was not ineffective for failing to raise this issue. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Noah P. Hood
/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney

---

[1] The Court in *Langston* "assum[ed], without deciding, that Michigan's statutory scheme for issuing concealed pistol licenses does not contain provisions that violate the Second Amendment as detailed in *Bruen*, and that the process is not abusive in practice." *Langston*, __ Mich App at __, slip op at 3. As in *Langston*, defendant raises no such arguments in this case.

[2] Our Supreme Court denied leave to appeal in *Langston*. See *People v Langston*, ___ Mich ___; 8 NW3d 620 (2024).

-4-