*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RODRICK SMITH, JR.,

        Defendant-Appellant.

UNPUBLISHED
June 17, 2026
10:46 AM

No. 376479
Saginaw Circuit Court
LC No. 23-000538-FH

Before: REDFORD, P.J., and WALLACE and LIEVENSE , JJ.

PER CURIAM.

On leave granted,[1] defendant appeals from the trial court's November 4, 2024 amended judgment of sentence (JOS). More particularly, defendant contends that the trial court erred by assessing Prior Record Variable (PRV) 7 at 10 points when it determined that his felony conviction for an unrelated 2021 case was a "concurrent felony conviction" for purposes of sentencing on his 2023 felony conviction. MCL 777.57(1)(b). We agree that the 2021 case was not a "concurrent felony conviction," but we find it was a "subsequent felony conviction," i.e., we find that the trial court reached the right result based on the wrong reason. *Id*.; *Relative Time Films, LLC v Covenant House Mich*, 344 Mich App 155, 163 n 8; 999 NW2d 64 (2022). We therefore affirm defendant's sentence.

## I. FACTUAL BACKGROUND

There are two lower court cases relevant to this appeal: 21-048352-FH (the 2021 case) and 23-000538-FH (the 2023 case). In the 2021 case, defendant was charged, as a fourth-offense habitual offender, MCL 769.12, with possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), as well as other charges that are not relevant to the present appeal. The 2021 case arose from conduct that occurred on or about March 27, 2021. The charges

---

[1] *People v Smith*, unpublished order of the Court of Appeals, entered August 21, 2025 (Docket No. 376479).

in the 2021 case were still pending when defendant was charged with additional unrelated criminal offenses arising from conduct occurring on or about February 8, 2023, in the 2023 case.

On November 21, 2023, defendant pleaded guilty to felon in possession of a firearm (felon-in-possession), MCL 750.224f, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in exchange for the prosecution agreeing to drop the other charges, as well as any habitual offender status, in the 2023 case. The parties also had a *Cobbs* agreement[2] for a sentencing range of 24 to 60 months' incarceration. The defendant likewise pleaded guilty to the possession-with-intent-to-deliver felony and to being a fourth-offense habitual offender in the 2021 case that same day.

Defendant's presentence investigation report (PSIR) reflects that his felon-in-possession conviction was a Class E felony. See MCL 777.16m. The felony-firearm conviction carried a mandatory two-year sentence. MCL 750.227b. According to the PSIR, defendant's PRV score was 77 (PRV Level F) and his offense variable (OV) score was 10 (OV Level II). As relevant to this appeal, the PSIR recommended that PRV 7 be assessed at 10 points. According to the PSIR, defendant's recommended minimum sentence under the sentencing guidelines for the felon-in-possession charge was 12 months to 24 months' incarceration. See MCL 777.66.

On February 6, 2024, the trial court held a sentencing hearing on the 2021 and 2023 cases. At this hearing, with regard to the 2021 case, the prosecution indicated: "I believe that PRV7 should be scored at 0, based on the definition of concurrent felony convictions. Since we had only one [felony] in each file, I believe that should be scored at 0." Defense counsel and the trial court agreed with this assessment. With regard to the sentencing guidelines for the 2023 case, defense trial counsel agreed with the PSIR's assessment of PRV 7 in the 2023 case, stating that "PRV 7 shouldn't change, because 10 [points] is correct, because you dismissed three other—four other charges." The prosecution responded: "Oh, so there were two concurrent charges."[3]

Defense counsel then argued: "[T]he Court did do a *Cobbs* evaluation, based on our belief that the guidelines started at 20 months. Now, with the changes, they start at 10 months. We would just ask that the Court make the corresponding adjustment to the minimum sentence." The trial court responded: "[B]ecause the *Cobbs* evaluation was based on the lower end; and if the

---

[2] "A *Cobbs* agreement is an agreement in which a defendant agrees to plead guilty in reliance on the trial court's preliminary evaluation of the sentence to be imposed." *People v Brinkey*, 327 Mich App 94, 99; 932 NW2d 232 (2019), citing *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

[3] Because the parties and trial court agreed that PRV 7 should be assessed at 0 in the 2021 case (rather than at 10 points considering the felon-in possession conviction in the 2023), this remark by the prosecution appears to be referencing the felon-in-possession and felony-firearm felony charges to which defendant pleaded guilty in the 2023 case, despite the fact that a felony-firearm conviction is not to be counted in assessing PRV 7. MCL 777.57(2)(b). Otherwise, 10 points would likewise have been assessed for PRV 7 in the 2021 case.

lower end is 10 to 46, then, you know, I want to make sure that my sentence reflects that, because that was the intent."

In the 2023 case, the trial court sentenced defendant to two years' incarceration for the felony-firearm[4] charge plus 10 months' minimum incarceration for the felon-in-possession charge. The sentence for the felony-firearm conviction was to precede and run consecutive to the sentence for the felon-in-possession conviction, which, in turn, was to run concurrent with his sentence for the felony conviction in the 2021 case. MCL 750.227b(3). Defendant did not receive jail credit because he was on parole when he was charged. The Court then entered a JOS in the 2023 case for the felony-firearm conviction that also reflected fourth habitual offender status, and a separate JOS in the 2023 case for the felon-in-possession conviction that likewise reflected fourth habitual offender status.

Defendant thereafter filed motions to correct the JOS and withdraw his plea. At the September 30, 2024 hearing on these motions, the trial court granted the motion to correct the JOS because the two separate judgments of sentence in the 2023 case erroneously indicated he was being sentenced as a fourth-offense habitual offender, when defendant did not acknowledge that status in his plea. Defendant withdrew the motion to withdraw his plea. The court issued an amended JOS that removed the reference to his being sentenced as fourth-offense habitual offender, but it only addressed his felony-firearm conviction in the 2023 case.

Shortly thereafter, defendant filed a pro se motion to correct invalid sentence and for resentencing. At the November 4, 2024 hearing on this motion, defendant argued his earlier motion to correct the JOS was to remove the reference to his being sentenced as fourth-offense habitual offender in the 2023 case, i.e, the felony-firearm JOS as well as the felon-in-possession JOS, and the trial court agreed to amend the felon-in-possession JOS accordingly.

Defendant further argued that the trial court erred by assessing PRV 7 at 10 points because it should not have considered his possession-with-intent-to-deliver-cocaine conviction from the 2021 case as a concurrent conviction when the cases had separate case numbers, "[a]nd I was only charged with felony firearm and felon in possession, and felony firearm cannot be counted under PRV7." Defendant continued: "that's why I was only charged—that's why PRV7 was dismissed in Case 21." The prosecution argued that PRV 7 was assessed correctly because defendant pleaded guilty in the 2021 case and the 2023 case at the same hearing, and, based on that, defendant's possession with intent to deliver cocaine conviction was concurrent with his felon-in-possession conviction (even though the convictions were on two different case numbers and arose from unrelated conduct occurring years apart). The trial court rejected defendant's argument and found PRV 7 for the 2023 case was properly scored at 10 points "because he had a concurrent felony conviction at the time, which was the 2021 case."

Defendant also argued that the trial court could not consider evidence from the police reports or PSIR for purposes of scoring Offense Variable (OV) 12 at 10 points for three or more contemporaneous felonious acts involving crimes other than against a person, because it was

_____

[4] Felony-firearm convictions have an automatic two-year penalty for first time offenses. MCL 750.227b.

hearsay. The court concluded that there were only two such contemporaneous felonious acts, scored OV 12 at five points as a result, and with that reassessment found defendant's minimum sentence on the felon-in-possession conviction was 9 months (rather than 10 months) incarceration, and agreed to further amend the felon-in-possession JOS accordingly on this issue. The trial court entered the amended felon-in-possession JOS in the 2023 case reflecting those changes (removal of the fourth-offense habitual offender and a minimum sentence of 9 months incarceration) that same day.

On July 17, 2025, defendant applied to this Court for leave to appeal, arguing that the trial court incorrectly assessed PRV 7. This Court granted plaintiff's application on August 21, 2025.

On April 1, 2026, defendant moved to expedite his appeal, asking this Court to decide his case before he finished serving his nine-month sentence. This Court granted the motion and ordered this Court to place defendant's appeal on the next practicable call. *People v Smith*, unpublished order of the Court of Appeals, entered April 16, 2026 (Docket No. 376479).

## II. STANDARD OF REVIEW

Questions of statutory interpretation are reviewed de novo. *People v Stone Transp, Inc*, 241 Mich App 49, 50; 613 NW2d 737 (2000).

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Charboneau*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364596); slip op at 8 (quotation marks and citations omitted). A factual finding is clearly erroneous if this Court is "left with a definite and firm conviction that the trial court made a mistake." *People v Dickinson*, 321 Mich App 1, 21; 909 NW2d 24 (2017). Furthermore, this Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law . . . ." *People v Baskerville*, 333 Mich App 276, 292; 963 NW2d 620 (2020) (quotation marks and citation omitted).

## III. SUBSEQUENT OR CONCURRENT FELONY CONVICTIONS FOR PURPOSES OF SCORING PRV 7

Defendant argues that the trial court erred by assessing PRV 7 at 10 points in the 2023 case because: (1) the trial court impermissibly relied on dismissed charges in the 2023 case as a concurrent conviction to support the score; and (2) his 2021 felony conviction was not concurrent with his 2023 conviction.

The prosecution's brief on appeal only responds to defendant's first argument and makes no argument that defendant's 2021 felony conviction was concurrent with his 2023 conviction as a basis for the trial court assessing PRV 7 at 10 points in the 2023 case.

As to the first argument, defendant mistakenly relies on the prosecution's response to his argument at a hearing that the trial court could not consider evidence from the police reports or PSIR for purposes of scoring Offense Variable (OV) 12 at 10 points for three or more contemporaneous felonious acts involving crimes other than against a person, because that evidence was hearsay. The trial court reduced OV 12 to five points at that hearing, entered an

amended JOS reducing his minimum sentence on his felon-in-possession conviction from 10 months to nine months as a result, and defendant does not raise any issue with regard to the scoring of OV 12 on appeal.[5]

There is no indication in the record that the trial court relied on any of the dismissed charges in the 2023 case as a concurrent conviction for purposes of scoring PRV 7 at 10 points. Rather, at the hearing on the motion to correct invalid sentence and for resentencing, the trial court explicitly stated that it assessed PRV 7 at 10 points in sentencing on the 2023 case because it viewed defendant's conviction in the 2021 case as a concurrent conviction. Further, the trial court could not have considered the other alleged conduct as a concurrent conviction because it did not result in a conviction. Therefore, defendant's first, hearsay argument is misplaced.

Turning to defendant's second argument, pursuant to PRV 7, a sentencing court scores 10 points where "[t]he offender has 1 subsequent or concurrent felony conviction." MCL 777.57(1)(b). MCL 777.57(2)(a) instructs the sentencing court to "[s]core the appropriate point value if the offender was convicted of multiple felony counts or was convicted of a felony after the sentencing offense was committed." "PRV 7 is concerned with the commission of a number of felonies *at the same time*." *People v Jarvi*, 216 Mich App 161, 164; 548 NW2d 676 (1996) (emphasis added). As already noted, conviction for felony-firearm is not scored under PRV 7. MCL 777.57(2)(b).

The Michigan Sentencing Guidelines Manual (MSGM)[6] defines "concurrent conviction" as "[a] conviction arising from the same course of conduct as the sentencing offense. *Black's Law Dictionary* (11th ed) defines *concurrent* in relevant part as '[o]perating at the same time; covering the same matters[.]' " MSGM, p 21. We find the MSGM to be persuasive authority, acknowledging that it "has no force of law." *People v Houston*, 261 Mich App 463, 474; 683 NW2d 192 (2004). Indeed, the MSGM provides this caveat at its outset:

> This sentencing guidelines manual has been prepared as an aid for those who use the guidelines enacted by the Michigan Legislature. The manual is intended to reflect with complete accuracy the substance of the law. However, in the event that the manual fails to comport exactly with the law, remember that the statute is the controlling authority. [MSGM, p 2.]

---

[5] We further note that "[i]n scoring OVs, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *People v Horton*, 345 Mich App 612, 616; 8 NW3d 622 (2023).

[6] Michigan Judicial Institute, *Michigan Sentencing Guidelines Manual* (2023) <https://www.courts.michigan.gov/4adb4d/siteassets/offices/mji/felony-sentencing-online-resources/sgm.pdf> (accessed May 29, 2026). "The statutory sentencing guidelines in effect on the date the offense was committed govern the calculation of an offender's minimum sentence." MSGM, p 6, citing MCL 769.34(2).

Our primary goal in interpreting a statute is to discern and effectuate the Legislature's intent. *Stone Transp*, 241 Mich App at 50. To determine the Legislature's intent, courts first examine the statutory language. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). If the plain and ordinary meaning of the statutory language is clear, judicial construction is inappropriate. *Id.* "Because our goal is to glean legislative intent from the plain meaning of statutory language, the dictionary is our first point of reference to determine the term's significance. The common understanding and the traditional legal usage of a term also guide our interpretation." *In re Estate of Erwin*, 503 Mich 1, 9-10; 921 NW2d 308 (2018) (internal citations omitted). See also MCL 8.3a ("All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.").

We find the forgoing language from *Jarvi* and definitions from the MSGM and *Black's Law Dictionary* (11th ed) are consistent with the primary definition of "concurrent" in *Merriam-Webster's Collegiate Dictionary* (11th ed): "operating or occurring at the same time." "If the definitions are the same in both a lay dictionary and legal dictionary, it is unnecessary to determine whether the phrase is a term of art, and it does not matter to which type of dictionary this Court resorts." *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 621 n 62; 886 NW2d 135 (2016). From all the foregoing, we find that, if the defendant has one other felony conviction arising out of the same course of conduct as the sentencing offense, i.e., one "concurrent felony conviction," then PRV 7 is scored 10 points.

Here the 2021 felony conviction for possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), arose from conduct that occurred on or about March 27, 2021, whereas the 2023 felon-in-possession conviction arose from unrelated conduct that occurred on or about February 8, 2023.

However, at the time of sentencing, the 2021 conviction was clearly a "subsequent felony conviction." MCL 777.57(2)(a) provides: "Score the appropriate point value if the offender was convicted of multiple felony counts *or was convicted of a felony after the sentencing offense was committed*." (Emphasis added.) The MSGM defines "subsequent conviction" as "[a] conviction that was entered on the offender's criminal record after the commission date of the sentencing offense and is unrelated to the conduct from which the sentencing offense arose. Black's Law Dictionary (11th ed) defines subsequent as 'occurring later; coming after something else.'" MSGM, p 22-23. We find these forgoing definitions are consistent with the primary definition of "subsequent" in *Merriam-Webster's Collegiate Dictionary* (11th ed): "following in time, order, or place."

Defendant was convicted of the 2021 offense after he committed the 2023 offense. Thus, pursuant to MCL 777.57(1)(b), 10 points should have been scored for PRV 7.

"A trial court's ruling may be upheld on appeal where the right result issued, albeit for the

wrong reason." *Gleason v Michigan Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822, 824 (2003). Accordingly, because the trial court correctly scored 10 points for PRV 7, albeit for the wrong reason, we find that the court did not err by scoring 10 points.

Affirmed.

/s/ James Robert Redford
/s/ Randy J. Wallace