PEOPLE v HAM-YING

Docket No. 80227. Submitted February 13, 1985, at Grand Rapids.—
    Decided May 8, 1985. Leave to appeal applied for.

  John R. Ham-Ying, a licensed osteopathic physician practicing
    medicine in Benton Harbor, was convicted by a jury in Berrien
    Circuit Court of illegally prescribing a controlled substance to a
    patient for other than legitimate and professionally recognized
    purposes. As a result of his conviction, the Board of Osteopathic
    Medicine suspended Ham-Ying's license to practice for a period
    of six months and placed him on probation for a period of two
    years following his suspension. As a condition of probation,
    Ham-Ying was prohibited from holding a controlled substance
    license for an additional six months following the expiration of
    his suspension. Before his suspension was over, Ham-Ying
    allegedly dispensed refill prescriptions of a controlled substance
    to two of his former patients. He was charged in Berrien
    Circuit Court with unlawful delivery of a controlled substance
    and practicing medicine without a license. Ham-Ying filed a
    motion to quash the information against him, arguing that he
    had been delegated proper authority by a licensed physician to
    dispense refill maintenance medication pursuant to statute.
    The court, William S. White, J., denied the motion and ordered
    that the issue of delegation was a question of fact for the jury.
    The people sought leave to appeal, arguing that, contrary to
    the holding of the trial court, the issue of delegation is properly
    a question of law for the court. Leave was granted. *Held:*

    The purpose behind the enactment of the Public Health Code
    was the protection of the public from incompetence, deception,
    and fraud. Ham-Ying's criminal conviction demonstrated an
    adverse effect upon his ability to practice medicine in a safe
    and competent manner and indicated a lack of the requisite
    judgment required of a licensee to whom acts, tasks, or func-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 10.
    61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 32, 34.
[2] 73 Am Jur 2d, Statutes § 271 *et seq.*
[3] 39 Am Jur 2d, Health §§ 1, 7.
[4] 75 Am Jur 2d, Trial §§ 319-321.

tions can be delegated by another licensee under the Public Health Code. Accordingly, the function of prescribing or dispensing controlled substances could not be delegated to him as a matter of law. Since any purported delegation of authority to Ham-Ying was a legal nullity, the question of whether defendant's actions constitute illegal conduct is one of law to be decided by the trial court.

Reversed and remanded.

1. CONTROLLED SUBSTANCES — PRESCRIPTION DRUGS — DRUGGISTS — PHYSICIANS AND SURGEONS.

Any drug requiring a prescription can be dispensed only by a licensed pharmacist or physician (MCL 333.7303[1], 333.17708[2], 333.17751; MSA 14.15[7303][1], 14.15[17708][2], 14.15[17751]).

2. STATUTES — JUDICIAL CONSTRUCTION.

The primary goal of a court when interpreting statutes is to ascertain and give effect to the intent of the Legislature; a statute must be construed in light of the purpose to be accomplished by its enactment.

3. HEALTH — PUBLIC HEALTH CODE — JUDICIAL CONSTRUCTION.

The purpose of the Public Health Code is to protect and promote the public health, safety, and welfare and is designed to protect the public from incompetence, deception, and fraud; in order to effectuate those goals, the code must be liberally construed (Const 1963, art 4, § 51; MCL 333.1111, 333.1111[2]; MSA 14.15[1111], 14.15[1111][2]).

4. CONTROLLED SUBSTANCES — PRESCRIPTION DRUGS — DRUGGISTS — PHYSICIANS AND SURGEONS — DELEGATION OF AUTHORITY TO PRESCRIBE OR DISPENSE PRESCRIPTION DRUGS.

The function of prescribing or dispensing controlled substances cannot be delegated as a matter of law by a licensed pharmacist or physician to another pharmacist or physician whose license has been suspended because of a conviction for illegally prescribing a controlled substance to a patient for other than legitimate and professionally recognized purposes; the issue of the validity of any such delegation is properly a question of law for the court, not a question of fact for a jury to decide (MCL 333.7401; MSA 14.15[7401]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *James A. Cherry,* Assistant Prosecuting Attorney, for the people.

*Earl W. Dalzell,* for defendant.

Before: GRIBBS, P.J., and MacKENZIE and J. B. SULLIVAN,* JJ.

PER CURIAM. This appeal concerns the extent to which a licensed physician may delegate tasks to a physician whose license has been suspended.

Defendant was a licensed osteopathic physician practicing medicine in Benton Harbor, Michigan. On January 19, 1982, he was convicted by a jury of illegally prescribing a controlled substance to a patient for other than legitimate and professionally recognized purposes. MCL 333.7401; MSA 14.15(7401). As a result of that conviction, defendant's license was suspended by the Board of Osteopathic Medicine for a period of six months beginning April 4, 1983. The board further ordered that defendant be placed on probation for a period of two years folllowing his suspension.. As a condition of probation, defendant was prohibited from holding a controlled substance license for an additional six months following the expiration of his suspension.

On July 26, 1983, with approximately two months remaining on his suspension, defendant allegedly dispensed refill prescriptions of phentermine, a schedule 4 controlled substance, MCL 333.7218(3); MSA 14.15(7218)(3), to two former patients. Defendant was subsequently charged with the unlawful delivery of a controlled substance, MCL 333.7401; MSA 14.15(7401), and practicing medicine without a license, MCL 333.16294; MSA 14.15(16294).

Following his preliminary examination, defendant was bound over to circuit court for trial. A motion to quash the information was filed. In

* Circuit judge, sitting on the Court of Appeals by assignment.

support of the motion, defendant argued that he had been delegated proper authority by a licensed physician to dispense refill maintenance medication pursuant to MCL 333.16215; MSA 14.15(16215). The court denied defendant's motion and further ordered that the issue of delegation was a question of fact for the jury. When asked at a later date to clarify its holding, the court reiterated its belief that the issue of whether a suspended physician could be delegated authority pursuant to state statute to dispense controlled substances was a question of fact for the jury. In this interlocutory appeal, the state appeals by leave granted and argues that, contrary to the holding of the trial court, the issue of delegation is properly a question of law for the court. We agree.

Any drug requiring a prescription, including phentermine, can be dispensed only by a licensed pharmacist or physician. MCL 333.17751; MSA 14.15(17751); MCL 333.17708(2); MSA 14.15(17708)(2). See MCL 333.7303(1); MSA 14.15(7303)(1). Because of the suspension imposed by the Board of Osteopathic Medicine, defendant at the time in question was not licensed to either prescribe or dispense controlled substances. The statute upon which defendant bases his defense, MCL 333.16215; MSA 14.15(16215), provides in pertinent part as follows:

"(1) A licensee who holds a license other than a health profession subfield license may delegate to a licensed or unlicensed individual who is otherwise qualified by education, training, or experience the performance of selected acts, tasks, or functions where the acts, tasks, or functions fall within the scope of practice of the licensee's profession and will be performed under the licensee's supervision. An act, task, or function shall not be delegated under this section which, under standards of acceptable and prevailing practice, re-

quires the level of education, skill, and judgment required of a licensee under this article."

"Delegation" is defined as:

 . "* * * an authorization granted by a licensee to a licensed or unlicensed individual to perform selected acts, tasks, or functions which fall within the scope of practice of the delegator and which are not within the scope of practice of the delegatee and which, in the absence of the authorization, would constitute illegal practice of a licensed profession" MCL 333.16104(1); MSA 14.15(16104(1).

Under this section, an unlicensed individual with proper delegation may perform tasks which, in the absence of that delegation, would constitute criminal conduct. The question is whether under the statute a licensed physician may delegate the tasks of prescribing and dispensing drugs to a physician whose license has been suspended.

The primary goal of a court when interpreting statutes is to ascertain and give effect to the intent of the Legislature. *Hill v Highland Park General Hospital,* 80 Mich App 334, 340; 263 NW2d 362 (1977). In addition, a statute must be construed in light of the purpose to be accomplished by its enactment. *Hill, supra.* The purpose of the Public Health Code is to protect and promote the public health, safety, and welfare. Const 1963, art 4, § 51; MCL 333.1111; MSA 14.15(1111). The code is further designed to protect the public from incompetence, deception, and fraud. *Hill, supra.* In order to effectuate these goals, the code must be liberally construed. MCL 333.1111(2); MSA 14.15(1111)(2).

If defendant is held to be a proper delegate of the rights afforded licensed physicians, including the right to prescribe or dispense controlled substances, he will in effect be allowed to circumvent

the terms of and reasons for his suspension. Such a result could not have been intended by the Legislature. In addition, such a holding would frustrate the purpose behind the code's enactment of protecting the public from incompetence, deception, and fraud. Even though defendant was presumably qualified by education, training, or experience to perform the functions of examining patients and dispensing prescriptions, his criminal conviction demonstrated an adverse effect upon his ability to practice medicine in a safe and competent manner. That conviction also indicates a lack of the requisite "judgment" required of a licensee under § 16215 of the Public Health Code, and accordingly the function of prescribing or dispensing controlled substances could not be delegated to him as a matter of law.

This conclusion is consistent with prior interpretations by this Court of the Public Health Code which have severely circumscribed the authority of anyone other than a licensee to prescribe or dispense even noncontrolled substances. *Attorney General v Raguckas,* 84 Mich App 618, 624-625; 270 NW2d 665 (1978), *lv den* 406 Mich 912, 1001 (1979); *Attorney General v Beno,* 124 Mich App 342, 353; 335 NW2d 31 (1983). See also OAG, 1979-1980, No 5630, p 553 (January 22, 1980).

Since any purported delegation of authority to defendant was a legal nullity, the question of whether defendant's actions constitute illegal conduct is one of law to be decided by the trial court.

Reversed and remanded.