PEOPLE v HAM-YING

Docket No. 104083. Submitted October 4, 1988, at Grand Rapids.
    Decided January 24, 1989.

    John Russell Ham-Ying, also known as Dr. J. Russell Ham-Ying,
        was convicted in 1982 of delivery of a controlled substance for
        other than legitimate and professionally recognized therapeutic
        or scientific purposes. As a result, defendant's license was
        suspended by the Board of Osteopathic Medicine for a period of
        six months beginning April 4, 1983. The board further ordered
        that defendant be placed on probation for a period of two years
        following his suspension. As a condition of probation, he was
        prohibited from holding a controlled substance license for an
        additional six months following the expiration of his suspen-
        sion. Defendant then made arrangements for Dr. Leonard
        Fouche to continue his practice during his suspension. Dr.
        Fouche then delegated authority to defendant and his staff,
        pursuant to MCL 333.16215(1); MSA 14.15(16215)(1), to refill
        prescriptions for certain patients. Defendant refilled prescrip-
        tions on more than one occasion while still on suspension,
        including prescriptions for two patients who had unknowingly
        arranged with a sheriff's department officer to split their pills
        in return for the officer's providing the money for the pills.
        Defendant was charged in the Berrien Circuit Court with
        unlawful delivery of a controlled substance and practicing
        medicine without a license. He moved to quash arguing that he
        had been delegated proper authority to refill prescriptions. The
        court, William S. White, J., denied the motion and ordered that
        the issue of delegation was a question of fact for the jury. The
        people appealed by leave granted arguing that the issue of
        delegation is a question of law for the court. The Court of
        Appeals held that the issue of delegation is a question of law
        for the court. The Court of Appeals, in reversing the trial court,
        determined that the legislative intent of the applicable statutes
        was that the function of prescribing or dispensing controlled

REFERENCES

Am Jur 2d, Appeal and Error §§ 4, 744 et seq.; Courts §§ 87 et seq.;
    Criminal Law § 206.
See the Index to Annotations under Drugs and Narcotics; Entrap-
    ment.

substances could not be delegated to defendant as a matter of law. 142 Mich App 831 (1985). The trial court then denied defendant's motion for rehearing. The Supreme Court then denied leave to appeal. 424 Mich 861 (1985). Following a bench trial in the Berrien Circuit Court, Michael E. Dodge, J., defendant was convicted of two counts of delivering a controlled substance and one count of practicing medicine without a license. He was then convicted of being a subsequent offender. Defendant appealed.

The Court of Appeals *held:*

1. The trial court was bound by the decision of the Court of Appeals that defendant could not dispense controlled substances. The rule of the law of the case applies in this matter.

2. Defendant's argument that the issue whether the ability to dispense controlled substances can be delegated to defendant should be determined by an appropriate administrative board of primary jurisdiction is without merit.

3. Defendant was not a victim of entrapment.

Affirmed.

1. APPEAL — LAW OF THE CASE.

A question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same; the reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgment except on rehearing; this rule applies without regard to the correctness of the prior determination.

2. APPEAL — DECISIONS OF THE COURT OF APPEALS.

A party seeking relief from an incorrect decision by the Court of Appeals may either request a rehearing or appeal to the Supreme Court.

3. COURTS — JURISDICTION — FELONY DRUG OFFENSES.

Michigan's circuit courts have exclusive jurisdiction to try felony drug offenses.

4. CRIMINAL LAW — DEFENSES — ENTRAPMENT — OBJECTIVE TEST.

Michigan has adopted the objective test to determine whether entrapment has occurred; the test focuses not on the particular defendant's predisposition to commit the crime charged, but on whether the actions of the police were so reprehensible under the circumstances that the court should refuse, as a matter of public policy, to permit a conviction to stand.

5. CRIMINAL LAW — DEFENSES — ENTRAPMENT — OBJECTIVE TEST.

    The objective test of entrapment provides that entrapment has occurred when the government's agents' involvement in criminal activities goes beyond the mere offering of such an opportunity and is of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it, regardless of the character or propensities of the particular person induced.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul Maloney,* Prosecuting Attorney, and *Nancy A. Bogren,* Assistant Prosecuting Attorney, for the people.

*Keller, Keller & Creager* (by *Bennett S. Schwartz*), for defendant.

Before: DANHOF, C.J., and HOOD and R. L. OLZARK,* JJ.

PER CURIAM. Defendant, John Russell Ham-Ying, appeals as of right from his bench trial conviction of two counts of delivering a controlled substance, phentermine, contrary to MCL 333.7401(1) and (2) (c); MSA 14.15(7401)(1) and (2)(c), and one count of practicing medicine without a license, contrary to MCL 333.16294; MSA 14.15(16294). Defendant was then convicted of being a subsequent offender, contrary to MCL 333.7413; MSA 14.15(7413). Defendant was sentenced to three to eight years imprisonment on both delivery convictions and two to four years imprisonment for practicing medicine without a license, with both sentences to run concurrently. We affirm.

On January 19, 1982, defendant was convicted for delivery of a controlled substance for other than legitimate and professionally recognized ther-

    * Circuit judge, sitting on the Court of Appeals by assignment.

apeutic or scientific purposes, contrary to MCL 333.7401(1); MSA 14.15(7401)(1). Defendant was forbidden to hold a controlled substance license during his probation.

After his 1982 conviction, defendant made arrangements for Dr. Leonard Fouche to continue defendant's practice during his suspension. Dr. Fouche brought with him his Drug Enforcement Administration license which allowed him to prescribe controlled substances. Dr. Fouche informed defendant that he would not carry any amphetamines at all. Instead, Dr. Fouche carried the diet medication phentermine.

On April 25, 1983, Dr. Fouche delegated authority to the office staff and defendant to refill maintenance prescriptions to patients who were still overweight, but with no particular problems and who had been previously prescribed a maintenance dosage by a licensed physician. The written authorization delegating authority was given pursuant to § 16215 of the Public Health Code, MCL 333.16215(1); MSA 14.15(16215)(1). According to the written, as well as oral, delegations of authority, the office staff and defendant regularly dispensed phentermine, a schedule 4 drug, to patients who had been previously prescribed that drug by a licensed physician and who had no side effects or problems with the medication. If a patient complained of any problem at all or something irregular was noted, Dr. Fouche saw that patient. There was no question in Dr. Fouche's mind that defendant was acting as Dr. Fouche's agent during the period of suspension and particularly on July 26, 1983, the date on which the crime occurred which led to the instant prosecution.

Berrien County Sheriff's Department Narcotics Officer Milford Russell, together with a confidential police informant contacted two of defendant's

longtime patients, James West and James Wells. Arrangements were made with West and Wells so that Officer Russell would provide the money and transportation to defendant's office if Wells and West would agree to refill their prescription for diet pills and split the pills with Officer Russell and the informant. Neither West nor Wells knew Russell or the informant were associated with the sheriff's department in any way.

On July 26, 1983, both Wells and West entered defendant's office, where defendant weighed them, checked their heart rate and blood pressure, and asked them how they were doing on the medication. Defendant did not confer with Dr. Fouche before refilling West's and Wells' prescriptions for phentermine. After Officer Russell received his share of the pills from both West and Wells, the pills were turned over to police Detective Stephen Marschke who transported the pills to Metro Narcotics. The laboratory reports identified the pills as containing phentermine, a schedule 4 controlled substance.

Before trial in the instant case, the circuit court decided that "the issue of whether a suspended physician could be delegated authority pursuant to state statute to dispense controlled substances was a question of fact for the jury." *People v Ham-Ying,* 142 Mich App 831, 834; 371 NW2d 874 (1985). The state was granted an interlocutory appeal, and this Court held that "the issue of delegation is properly a question of law for the court." *Id.* The *Ham-Ying* Court reviewed the applicable statutes and determined that the legislative intent was that "the function of prescribing or dispensing controlled substances could not be delegated to him [defendant] as a matter of law." *Ham-Ying, supra* at 836.

This Court has stated:

A question of law decided by an appellate court will not be decided differently on a subsequent appeal in the same case where the facts remain materially the same. The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on rehearing. *Johnson v White*, 430 Mich 47; 420 NW2d 87 (1988). Our Supreme Court has also held that this rule applies without regard to the correctness of the prior determination. *Gourlay v Ins Co of North America*, 189 Mich 384, 386; 155 NW 483 (1915); *Damon v DeBar*, 94 Mich 594; 54 NW 300 (1893). A party seeking relief from an incorrect appellate decision may either request a rehearing or appeal to the Supreme Court. *Damon, supra*. [*Muilenberg v Upjohn Co*, 169 Mich App 636, 640-641; 426 NW2d 767 (1988).]

After this Court handed down its first opinion in this case, *People v Ham-Ying*, 142 Mich App 831, defendant brought a motion for rehearing that was denied on July 5, 1985. Defendant then applied for leave to appeal to our Supreme Court, which was denied. *People v Ham-Ying*, 424 Mich 861 (1985). There has not been a material change in the facts since this Court published its opinion in 1985.

The trial court was bound by this Court's decision that defendant could not dispense controlled substances. The rule of the law of the case applies in this matter and prevents us from reconsidering whether defendant can legally dispense controlled substances. This Court has previously decided this exact question, and defendant exhausted his appellate possibilities. We hold that the trial court correctly ruled that defendant did violate state law when he dispensed controlled substances.

Defendant argues that the issue of whether the ability to dispense controlled substances can be delegated to defendant should be determined by an

appropriate administrative board of "primary jurisdiction." The statute cited by defendant, MCL 333.16215(2); MSA 14.15(16215)(2), allows an administrative board to "promulgate rules to further prohibit or otherwise restrict delegation of specific acts, tasks, or functions to a . . . unlicensed individual . . . ," but does not concern the prosecution of individuals who commit criminal acts. The circuit courts of this state have exclusive jurisdiction to try felony drug offenses. *People v Curtis,* 42 Mich App 652, 655; 202 NW2d 539 (1972), rev'd in part on other grounds 389 Mich 698; 209 NW2d 243 (1973). See also MCL 762.1; MSA 28.844. Defendant's argument is without merit.

Defendant claims that he was entrapped into committing the instant offense. This Court recently addressed the issue of entrapment and stated:

"Michigan has been at the forefront in protecting persons from being convicted of a crime which was instigated, induced or manufactured by a government agent." *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981). Our Supreme Court has renounced the subjective view of entrapment followed by the United States Supreme Court and adopted the objective test defined in Justice Stewart's dissent in *United States v Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366 (1973). The objective test focuses not upon the particular defendant's predisposition to commit the crime charged, but, rather, on "whether the actions of the police were so reprehensible under the circumstances, that the Court should refuse, as a matter of public policy, to permit a conviction to stand." *People v Turner,* 390 Mich 7, 22; 210 NW2d 336 (1973). The purpose of the entrapment defense is to deter unlawful police activities and preclude judicial approval of impermissible government conduct. *People v D'Angelo,* 401 Mich 167, 172-173; 257 NW2d 655 (1977).

Justice Stewart defined the objective test as follows:

"[W]hen the agents' involvement in criminal activities goes beyond the mere offering of such an opportunity, and when their conduct is of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it, then—regardless of the character or propensities of the particular person induced—I think entrapment has occurred. For in that situation, the Government has engaged in the impermissible manufacturing of crime, and the federal courts should bar the prosecution in order to preserve the institutional integrity of the system of federal criminal justice. [*United States v Russell, supra* at 445.]" [*People v Jamieson,* 168 Mich App 332, 335-336; 423 NW2d 655 (1988).]

In the instant case, the record does not establish that defendant was entrapped into committing the crime for which he was convicted. It cannot be said that the action by the agents of the police induced or instigated the commission of a crime by one not ready and willing to commit it. The testimony presented at trial was that defendant dispensed the schedule 4 drug phentermine on more than one occasion. The dispensing of this drug was part of the delegation of authority from Dr. Fouche to defendant. Defendant was not a victim of entrapment.

Affirmed.