# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

BRUCE PHILLIP LANGLOIS,

Defendant-Appellee.

FOR PUBLICATION
July 12, 2018
9:05 a.m.

No. 340477
Huron Circuit Court
LC No. 17-306159-FH

---

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

BOONSTRA, J.

In this interlocutory appeal, the prosecution appeals by delayed leave granted[1] the trial court's order denying the prosecution's motion in limine to preclude defendant from presenting a delegation defense to the jury. We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Because this appeal presents a question of law that hinges on statutory interpretation, we will only briefly discuss the factual background of this case. It is undisputed that defendant is a formerly licensed veterinarian whose license to practice veterinary medicine in Michigan was revoked in November 2015.[2] In 2016, the Michigan Bureau of Professional Licensing received complaints that defendant had performed "spay and neuter" surgeries without a valid license. An investigation revealed that defendant owned a business called "Spay and Neuter Express." Dr. Duane Fitzgerald, a licensed veterinarian, worked for Spay Neuter Express as an independent contractor and was designated as its attending veterinarian. Dr. Fitzgerald described the business as "an ambulatory service that serves remote areas or rural areas for spaying and neutering people's pets . . . set up in a mobile home that has been converted to a surgical facility."

---

[1] *People v Langlois*, unpublished order of the Court of Appeals, issued March 15, 2018 (Docket No. 340477).

[2] The revocation was upheld by this Court in 2017. See *Dep't of Licensing and Regulatory Affairs v Langlois*, unpublished per curiam opinion of the Court of Appeals, issued February 14, 2017 (Docket No. 330451).

-1-

Defendant was charged with three counts of the unauthorized practice of a health profession, MCL 333.16294, related to performing veterinary surgery in December 2016 while his license to practice veterinary medicine was revoked. During defendant's preliminary examination, Dr. Fitzgerald testified that on December 16, 2016, defendant performed many of the surgeries that had been scheduled for that day, and that he and defendant performed their respective surgeries in the same general area. Dr. Fitzgerald stated that he did not oversee defendant, and agreed that he did nothing to ensure that defendant was performing the procedures properly and did not check to see how many procedures defendant had completed. He also believed the animals on which defendant operated were defendant's patients, not his. Dr. Fitzgerald was aware that defendant's veterinary license had been suspended or revoked. He characterized defendant as a competent surgeon who possessed the knowledge and skills to perform veterinary surgery.

After defendant was bound over to the circuit court, he moved to quash the information on the ground that Dr. Fitzgerald, a licensed veterinarian, had properly delegated to defendant the surgical tasks that he performed. In response, the prosecution asserted that a delegation defense was unavailable as a matter of law, and also moved to preclude defendant from presenting such a defense to the jury. After an evidentiary hearing, at which Dr. Fitzgerald testified consistently with his preliminary examination testimony, the trial court denied the prosecution's motion, stating that there was not "anything within the statutes or rules that say, 'You cannot perform a surgery' " and that it was "a question for the jury."[3]

This appeal followed. The trial court granted the prosecution's motion for a stay of proceedings pending the resolution of this appeal.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's ruling on a motion in limine. *Bartlett v Sinai Hosp of Detroit*, 149 Mich App 412, 418; 385 NW2d 901 (1986). However, we review de novo as a question of law matters of statutory interpretation. *People v Thomas*, 263 Mich App 70, 73; 687 NW2d 598 (2004). Further, where "delegation of authority . . . [is] a legal nullity, the question of whether [the] defendant's actions constitute illegal conduct is one of law to be decided by the trial court." *People v Ham-Ying*, 142 Mich App 831, 836; 371 NW2d 874 (1985). A trial court abuses its direction when it makes an error of law or operates within an incorrect legal framework. *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017).

## III. ANALYSIS

The prosecution argues that the trial court erred by failing to hold as a matter of law that defendant may not present the defense of delegation in this case. Based on the specific acts alleged in this case, the undisputed expert testimony, and the language of the relevant statutes, we agree.

---

[3] The trial court also denied defendant's motion to quash on July 17, 2017.

"The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature." *Thomas*, 263 Mich App at 73 (quotation marks and citations omitted). In order to discern legislative intent, this Court first looks to the language of the statute. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). "When construing a statute, the court must presume that every word has some meaning and should avoid any construction that would render any part of the statute surplusage or nugatory," and "[i]f possible, effect should be given to each provision." *Id*. at 285. "This Court must look to the purpose of the statute . . . [and] the harm it is designed to remedy, and apply a reasonable construction that accomplishes that statute's purpose." *People v Stone Transp, Inc*, 241 Mich App 49, 51; 613 NW2d 737 (2000).

Veterinary medicine is an occupation that falls within the purview of the Public Health Code, MCL 333.1101 *et seq*. A veterinarian is "an individual licensed . . . to engage in the practice of veterinary medicine." MCL 333.18805(3). Persons who are not licensed "or otherwise authorized" are prohibited from practicing veterinary medicine. MCL 333.18811. MCL 333.18805(2) provides:

> "Practice of veterinary medicine" means:
>
> (a) Prescribing or administering a drug, medicine, treatment, or method of procedure; performing an operation or manipulation; applying an apparatus or appliance; or giving an instruction or demonstration designed to alter an animal from its normal condition.
>
> (b) Curing, ameliorating, correcting, reducing, or modifying a disease, deformity, defect, wound, or injury in or to an animal.
>
> (c) Diagnosing or prognosing, or both, a disease, deformity, or defect in an animal by a test, procedure, manipulation, technique, autopsy, biopsy, or other examination.

Under the Public Health Code, the unauthorized practice of a health profession, including veterinary medicine, is a felony:

> Except as provided in [MCL 333.16215], an individual who practices or holds himself or herself out as practicing a health profession regulated by this article without a license or registration or under a suspended, revoked, lapsed, void, or fraudulently obtained license or registration, or outside the provisions of a limited license or registration, or who uses as his or her own the license or registration of another person, is guilty of a felony. [MCL 333.16294.]

MCL 333.16215 provides certain exceptions to the statute criminalizing unlicensed practice, and states in relevant part:

> (1) Subject to subsections (2) to (6), a licensee who holds a license other than a health profession subfield license may delegate to a licensed or unlicensed individual who is otherwise qualified by education, training, or experience the

-3-

performance of selected acts, tasks, or functions where the acts, tasks, or functions fall within the scope of practice of the licensee's profession and will be performed under the licensee's supervision.[4] A licensee shall not delegate an act, task, or function under this section if the act, task, or function, under standards of acceptable and prevailing practice, requires the level of education, skill, and judgment required of the licensee under this article.

\* \* \*

(7) An individual who performs acts, tasks, or functions delegated pursuant to this section does not violate the part that regulates the scope of practice of that health profession. [MCL 333.16215(1), (7).]

Defendant argued before the trial court, and argues on appeal, that there is no specific statute or administrative rule prohibiting the delegation of veterinary tasks (including surgery) to an individual whose license has been suspended, noting that the Board of Veterinary Medicine has promulgated a rule regarding delegation that does not preclude the delegation of tasks to unlicensed individuals. See Mich Admin Code, R 338.4911. Defendant's argument ignores the fact that MCL 333.16215(1) prohibits a licensee from delegating an act, task, or function that, "under standards of acceptable and prevailing practice, requires the level of education, skill, and judgment required of [a] licensee . . . ." MCL 333.16215(1)." At the motion hearing, unrebutted expert testimony by Dr. Dwight McNally, a licensed veterinarian who sits on the State Veterinary Board and was qualified as an expert in Veterinary Medicine, established that the "acceptable and prevailing practice" for veterinary medicine does not allow for the delegation of surgery to an individual who is not licensed at the time. Moreover, because defendant's license was revoked for providing substandard care to animals upon which he performed spay and neuter

_____

[4] The Public Health Code defines "supervision" as

the overseeing of or participation in the work of another individual by a health professional licensed under this article in circumstances where at least all of the following conditions exist:

(a) The continuous availability of direct communication in person or by radio, telephone, or telecommunication between the supervised individual and a licensed health professional.

(b) The availability of a licensed health professional on a regularly scheduled basis to review the practice of the supervised individual, to provide consultation to the supervised individual, to review records, and to further educate the supervised individual in the performance of the individual's functions.

(c) The provision by the licensed supervising health professional of predetermined procedures and drug protocol. [MCL 333.16109(2).]

procedures,[5] a determination has been made that defendant does not meet the requirements of a licensee regarding "the level of education, skill, and judgment" required, not only to practice veterinary medicine in general, but to perform the specific task that forms the basis of the charges against him.

Our conclusion is supported by the fact that veterinary technicians, who are defined as persons who have obtained licensure as a veterinary technician, MCL 333.1811(2), and who "practice veterinary medicine based on less comprehensive knowledge and skill than that required of a veterinarian" under the supervision of a veterinarian, MCL 333.18805(1), are explicitly prohibited from performing as a surgeon, MCL 333.18811(3). If a licensed veterinary technician may not perform surgery under delegation, then it follows that an unlicensed person acting as a veterinary technician may not either. While we recognize that practice as a veterinary technician is a "subfield of veterinary medicine," MCL 333.18808, this suggests a legislative intent that the practice of veterinary surgery not be delegated to individuals who are not validly licensed practitioners of veterinary medicine. *Stone Transp, Inc*, 241 Mich App at 51.

This Court's reasoning in *Ham-Ying* is both relevant to our conclusion and persuasive. In *Ham-Ying*, 142 Mich App at 833, the question on appeal concerned "the extent to which a licensed physician may delegate tasks to a physician whose license has been suspended." In that case, the defendant-physician's license had been suspended, but he continued to refill prescriptions for patients. *Id*. After being charged with the unauthorized practice of medicine, MCL 333.16294, the "defendant argued that he had been delegated proper authority by a licensed physician to dispense refill maintenance medication pursuant to MCL 333.16215." *Id*. at 834. The *Ham-Ying* Court held that delegation was improper, explaining that although the defendant had the requisite education, training, and experience, the conduct that had led to the suspension of his license demonstrated that he did not possess the requisite judgment of a licensee and that the licensee's duties could not be delegated to him as a matter of law. *Id*. at 836.

We recognize that the Public Health Code is more explicit in stating that the prescribing of controlled substances can only be done by a licensed physician, and that such substances may only be dispensed by a licensed physician or pharmacist. See MCL 333.17751. But we conclude that a reasonable construction of the relevant statutory language concerning the practice of veterinary medicine compels the same conclusion. *Stone Transp, Inc*, 241 Mich App at 51.

We also are not persuaded by defendant's citation to *Dep't of Consumer & Indus Servs v Hoffman*, 230 Mich App 170; 583 NW2d 260 (1998). In *Hoffman*, this Court stated without elaboration that a veterinarian could delegate the practice of chiropractic medicine on horses to a licensed chiropractor who did not possess a license to practice veterinary medicine. *Id*. at 179. However, the Court focused its analysis on whether the defendant in that case had in fact been properly supervised. *Id*. at 179-180. In any event, the defendant in *Hoffman* was a properly licensed chiropractor; in other words, the issue was whether a properly licensed health care

---

[5] *Langlois*, unpub op at 1.

provider could practice his form of medical treatment on animals, and the *Hoffman* Court concluded that one could, if one was qualified to do so by education, skill, and training and was supervised by a licensed veterinarian. *Id*. at 180. That a validly licensed chiropractor may possess "the level of education, skill, and judgment" necessary to perform chiropractic tasks delegated by a veterinarian, MCL 333.16215(1), does not alter our conclusion that defendant did not meet those criteria regarding veterinary surgery under the circumstances of this case. The trial court abused its discretion by denying the prosecution's motion in limine, because Dr. Fitzgerald could not, as a matter of law, delegate the task of veterinary surgery to defendant. *Bartlett*, 149 Mich App at 418; *Everett*, 318 Mich App at 516.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Michael J. Kelly