*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LEONARD SEAWOOD,

Defendant-Appellant.

UNPUBLISHED
October 17, 2019

No. 342798
Berrien Circuit Court
LC No. 2017-000909-FH

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant, Leonard Seawood, appeals as of right his conviction of one count of false pretenses with intent to defraud (greater than $20,000 but less than $50,000), MCL 750.218(5)(a); one count of embezzlement (greater than $20,000 but less than $50,000), MCL 750.174(5)(a); and three counts of false pretenses with intent to defraud (greater than $1,000 but less than $20,000), MCL 750.218(4)(a). The trial court sentenced defendant to 90 days' incarceration with credit for one day on each of the five counts. For the reasons set forth in this opinion, we affirm defendant's convictions and sentences.

## I. BACKGROUND

Defendant was the superintendent of Benton Harbor Area Schools (BHAS) from 2010 to 2015. Defendant had a contract with BHAS and the school board, which included a provision allotting defendant 25 vacation days a year. This amounted to 125 vacation days over the course of these five years. If defendant did not use his vacation days, he could request payback in cash for some of these unused days at the end of each year. However, defendant's contract only allowed him to redeem a maximum of five unused vacation days for cash each year. Over the course of five years, defendant accrued 125 days of vacation and was paid for not using 110 of

-1-

these vacation days.[1] Beginning in 2012, defendant received vacation day payback totaling $46,121.56 from BHAS in return for 110 unused vacation days. On June 2, 2017, the prosecution charged defendant with one count of obtaining money by false pretenses ($20,000 or more but less than $50,000), in violation of MCL 750.218(5)(a), and one count of embezzlement ($20,000 or more but less than $50,000), in violation of MCL 750.174(5)(a). The prosecution alleged that defendant knew that his contracts limited him to repayment of five days a year, but misrepresented this fact to BHAS when he requested vacation day payback in excess of those five days. In response, defendant argued that he did not intend to misrepresent this to BHAS and that BHAS did not suffer an actual loss because he actually worked these days.

The prosecution filed three motions in limine requesting that the trial court exclude anticipated evidence and argument from defendant showing "1) other employees' vacation sell-back, 2) certain aspects of defendant's work performance, and 3) lack of loss or damage." Relevant to this case, the trial court granted the prosecution's motion with regard to the lack of loss and defendant's work performance. The trial court found that defendant's requested evidence would, in effect, be an attempt at a justification defense (i.e., that defendant was justified in receiving his pay because he worked those days). The trial court explained that this evidence was irrelevant because justification was not a defense to false pretenses. Furthermore, the risk of jury nullification from this evidence was great. However, the trial court did permit defendant to introduce any evidence that showed BHAS materially altered the contract to allow defendant to receive pay for the extra work he provided.

Prior to trial, the prosecution withdrew its notice for use of an expert witness named Greg Weatherspoon. Weatherspoon was the interim superintendent hired after defendant left BHAS and was expected to testify about how the BHAS school board and superintendent operated together. Despite the expert notice withdrawal, the prosecution ultimately called Weatherspoon to testify about how the superintendent position and the school board interacted at BHAS. Defendant objected to Weatherspoon testifying as an expert after the prosecution's withdrawal.

The prosecution responded that Weatherspoon was testifying as a lay witness, giving his lay opinion about how the superintendent and school board interacted normally, on the basis of his experience as the superintendent at BHAS. The trial court permitted Weatherspoon to give his lay opinion. Relevant to this appeal, Weatherspoon testified that the school board could not and would not have modified the contracts without a public meeting in the interest of transparency.

After the close of the prosecution's proofs, defendant took the stand. When testifying, defendant attempted to testify about what BHAS's human resources employee, Connie Calloway, told him regarding how much vacation day payback he was entitled to seek. The prosecution objected on the basis of hearsay. Defendant argued that it was nonhearsay offered to show its impact on defendant's state of mind and intent. The trial court sustained the objection. A short time later, defendant attempted to testify about what Anthony Jett, the school board

---

[1] This was in excess of the 25 total days of pay defendant was entitled to under the terms of his contract.

president and defendant's supervisor, told him regarding the number of days that defendant could request. Again, the trial court sustained an objection on the basis of hearsay.

At the end of trial, the prosecution moved to amend the information and added three counts of false pretenses with intent to defraud (greater than $1,000 but less than $20,000), MCL 750.218(4)(a). Ultimately, the jury convicted defendant on all five counts.

Defendant appeals as of right. On appeal, defendant challenges all three of these trial court decisions and argues that each constitutes reversible error.

## II. ANALYSIS

Defendant argues on appeal that the trial court abused its discretion when it excluded evidence that tended to show that BHAS did not suffer actual loss from defendant's actions. According to defendant, when BHAS issued payments to defendant in exchange for his unused vacation days, BHAS did not suffer loss because defendant was receiving pay that he was ultimately entitled to and for which he labored. If defendant had taken these vacation days, BHAS would not be able to say that defendant caused the school district to suffer a loss. Thus, defendant argues that by receiving compensation for his unused vacation days, BHAS was breaking even rather than unjustly enriching itself. Therefore, the pretrial ruling excluding evidence and argument that BHAS did not suffer loss prejudiced defendant by excluding an essential defense to the crimes of false pretenses and embezzlement.

The State responds by arguing that Defendant has failed to demonstrate that the trial court abused its discretion in excluding evidence that would allegedly show that the school district suffered no loss. In short, defendant is attempting to argue that the additional work he did for the school district nullified any loss for the school district. The State further argues that loss is not an element of all the charged offenses. While obtaining money by false pretenses requires an element of loss, embezzlement does not require an element of loss. Therefore, with regard to defendant's embezzlement charge, the trial court did not err in finding that this evidence was irrelevant.

A trial court's pretrial ruling on a motion in limine and its decision whether to admit evidence are reviewed for an abuse of discretion. *People v VanSickle*, 303 Mich App 111, 117; 842 NW2d 289 (2013). However, questions of law related to a motion in limine are reviewed de novo. *People v Langlois*, 325 Mich App 236, 240; 924 NW2d 904 (2018). A trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). However, "[a] trial court necessarily abuses its discretion when it makes an error of law." *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012).

In addition, if the decision on a pretrial motion to exclude evidence may deprive the defendant of his constitutional right to present a defense, the decision is reviewed de novo. *People v Powell*, 303 Mich App 271, 277; 842 NW2d 538 (2013). An error in the admission or the exclusion of evidence is not a ground for reversal unless refusal to take this action appears "inconsistent with substantial justice." *People v Watkins*, 491 Mich 450, 463; 818 NW2d 296 (2012) (quotation marks and citation omitted). "Reversal is required only if the error is

-3-

prejudicial. The defendant claiming error must show that it is more probable than not that the alleged error affected the outcome of the trial in light of the weight of the properly admitted evidence." *People v McLaughlin,* 258 Mich App 635, 639; 672 NW2d 860 (2003).

The trial court did not abuse its discretion by excluding defendant's proffered evidence that any loss by the school district was mitigated by defendant's work. By extension, defendant's proffered evidence sought to mitigate loss as an element of these crimes. This issue may be divided into two parts: (1) was loss an element of the charged crimes; and (2) was defendant's proffered evidence relevant to the element of loss?

Regarding the first issue, a comparison of the statute's proscribing these two crimes is instructive. MCL 750.218, proscribing false pretenses with intent to defraud, provides in relevant part:

> (1) A person who, with the intent to defraud or cheat makes or uses a false pretense to do 1 or more of the following is guilty of a crime punishable as provided in this section:
>
> * * *
>
> (c) Obtain from a person any money or personal property or the use of any instrument, facility, article, or other valuable thing or service.
>
> * * *
>
> (4) If any of the following apply, the person is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000.00 or 3 times the value, whichever is greater, or both imprisonment and a fine:
>
> (a) The land, interest in land, money, personal property, use of the instrument, facility, article, or valuable thing, service, larger amount obtained, or smaller amount sold or disposed of has a value of $1,000.00 or more but less than $20,000.00.

Although it is not stated within the statute, we have previously noted that an essential element of false pretenses is loss. See *People v Lueth,* 253 Mich App 670, 680-681; 660 NW2d 322 (2002).

MCL 750.174, proscribing embezzlement, provides in relevant part:

> (1) A person who as the agent, servant, or employee of another person, governmental entity within this state, or other legal entity or who as the trustee, bailee, or custodian of the property of another person, governmental entity within this state, or other legal entity fraudulently disposes of or converts to his or her own use, or takes or secretes with the intent to convert to his or her own use without the consent of his or her principal, any money or other personal property of his or her principal that has come to that person's possession or that is under

-4-

his or her charge or control by virtue of his or her being an agent, servant, employee, trustee, bailee, or custodian, is guilty of embezzlement.

Notably, we have not interpreted embezzlement to require loss. See *Lueth*, 253 Mich App at 683. Therefore, as an initial matter, defendant's argument that evidence mitigating loss was relevant to the charge of embezzlement is contrary to law. However, the mitigation of loss may have been relevant to the crime of false pretenses.

Here, defendant argues that he should have been allowed to argue that because he worked more hours than required by his contracts, the school district did not suffer a loss. Put simply, because defendant actually worked the hours for which he was paid, the school district suffered no loss.

Defendant has not identified any authority supporting his argument in the criminal context. Instead, defendant relies on a pair of nonbinding civil cases. These cases support the tangible value of vacation days. See *Hite v Evart Prod Co*, 34 Mich App 247, 255-256; 191 NW2d 136 (1971) (holding that an employee's paid vacation days must be considered when considering workers compensation); *Lesko v Lesko*, 184 Mich App 395, 402; 457 NW2d 695 (1990) (considering an employee's banked leave days a divisible marital asset), overruled on other grounds in *Booth v Booth*, 194 Mich App 284, 291; 486 NW2d 116 (1992). Defendant is correct that his paid vacation time possesses a quantifiable value that may be calculated for the mitigation of loss. This value is specifically provided for by the terms of defendant's contracts. Therefore, in the abstract, there is a plausible argument to be made that pay from defendant's unused vacation days cannot be considered loss when the school district received the benefit of defendant's labor. It is undisputed that defendant worked these days and was subsequently paid the contractual value for that work.

However, the value of defendant's unused vacation days is limited by the same contracts that provide the quantifiable value to his work and unused vacation days. By limiting the payback value of defendant's unused vacation time to five days a year, the contracts limited the monetary value of defendant's unused vacation days to one-fifth of each day's value if defendant did not use these vacation days. By misrepresenting the value of these days and exceeding the contractual terms, defendant did cause loss to the school district. Simply stated, defendant deceived the school district regarding the actual value of his vacation days under the contracts by claiming pay for vacation days for which he was not entitled.

Further, review of the record reveals that defendant was aware of the terms of his contracts. These contracts determined the value of his work and the value of his unused vacation days. Defendant was aware that these terms prohibited him from receiving more than one-fifth of the contractual value for his worked vacation days. Explicit testimony established that the forms filled out by defendant also included the dollar amount to be paid out for his unused vacation days. Defendant submitted these forms requesting payment in an amount that increased the value of these unused vacation days to 400% of their actual value.

Therefore, even if defendant did work these vacation days and the school district received the value of his labor, the loss at issue was the exceeded payout defendant received. Hence, any evidence that defendant worked additional hours or that he never took vacation days is irrelevant

without evidence of an agreement to modify the governing contracts. For these reasons, the trial court did not err in excluding defendant's proffered evidence because the additional work that defendant may have done was irrelevant to the issue of loss. Nor did the trial court's decision to exclude this evidence deprive defendant of his constitutional right to present a defense because the proffered defense would have been irrelevant.

Furthermore, the trial court, in its discretion, noted that evidence that defendant worked extra days may have resulted in jury nullification. In doing so, the trial court pointed to *People v Peach*, 174 Mich App 419, 428-429; 437 NW2d 9 (1989). In *Peach*, this Court affirmed a trial court's denial of a defendant's request to present evidence of her intent to make restitution as a defense to false pretenses. *Id*. at 429. In its holding, this Court explained that "restitution is not a defense." *Id*. Here, defendant, although not seeking a restitution defense directly, "failed to establish that the purported evidence was logically relevant" for the purposes of MRE 401. See *People v King*, 297 Mich App 465, 477; 824 NW2d 258 (2012). The prejudicial value of this evidence on the jury clearly outweighs any probative value. MRE 403. Therefore, the trial court did not abuse its discretion in excluding defendant's proffered evidence.

Next, defendant challenges the admission of Weatherspoon's opinion testimony. We review a trial court's decision to admit evidence for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). "A trial court abuses its discretion when it makes an error of law in the interpretation of a rule of evidence." *People v Jackson*, 498 Mich 246, 257; 896 NW2d 253 (2015). Preliminary questions of law are subject to de novo review. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). A trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *Mahone*, 294 Mich App at 212. However, "[a] trial court necessarily abuses its discretion when it makes an error of law." *Waterstone*, 296 Mich App at 132.

The trial court did not err in allowing Weatherspoon to testify as a lay person to the functioning of the school. Furthermore, if the trial court did err by permitting this testimony, defendant was not prejudiced.

MRE 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Defendant asserts that because Weatherspoon was testifying as to "what he believe[d] the superintendent would do" Weatherspoon was testifying as an expert. Defendant states that such testimony was not based on Weatherspoon's perceptions because Weatherspoon was only a superintendent *after* defendant left the school district. Therefore, Weatherspoon was testifying to how he believed the school district functioned before he was appointed as the superintendent.

However, the trial court's decision to admit this evidence does not show an abuse of discretion. We have acknowledged that the scope of lay opinion testimony under MRE 701 is "not entirely clear." *People v Dobek*, 274 Mich App 58, 77; 732 NW2d 546 (2007). There is

-6-

some confusion about whether lay opinion testimony may be based on previous experience. See *People v Dixon-Bey*, 321 Mich App 490, 499; 909 NW2d 458 (2017) (discussing the split regarding lay opinion testimony).

However, it is clear that Weatherspoon's testimony was permissible lay opinion testimony. Weatherspoon's testimony was based in his knowledge of the specific school district and his role as a superintendent at BHAS. Weatherspoon's opinion was "rationally based on the perception" of Weatherspoon's time as superintendent at BHAS. MRE 701. Based on this perception immediately after defendant left his position as the superintendent of BHAS, it is rational to assume these procedures remained the same.

Furthermore, even if this evidence was erroneously admitted, it was cumulative of other properly admitted evidence. When erroneously admitted testimony is cumulative of other properly admitted evidence, the error was harmless. *People v Crawford*, 187 Mich App 344, 353; 467 NW2d 818 (1991). Three separate witnesses testified about the internal functioning of the school board at BHAS and confirmed that if defendant sought to change his contracts and invoke payment for extra days, this would need to be done at public meetings on the record. These witnesses possessed direct knowledge of the functioning of the school board at that time. Therefore, even if Weatherspoon's opinion about this internal function was impermissible, this was cumulative of previous testimony. Because the testimony was cumulative, any error by the trial court was harmless.

Finally, defendant challenges the trial court's decision to prevent defendant from testifying to the statements of Calloway and Jett. We review a trial court's decision to admit evidence for an abuse of discretion. *Bynum*, 496 Mich at 623. "A trial court abuses its discretion when it makes an error of law in the interpretation of a rule of evidence." *Jackson*, 498 Mich at 257. Preliminary questions of law are subject to de novo review. *Mardlin*, 487 Mich at 614. A trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *Mahone*, 294 Mich App at 212. However, "[a] trial court necessarily abuses its discretion when it makes an error of law." *Waterstone*, 296 Mich App at 132.

Here we concur with defendant that the trial court erred by excluding the statements by Calloway because they were nonhearsay intended to show defendant's state of mind. However, defendant has not shown he was prejudiced by the exclusion of these statements because defendant was allowed to testify repeatedly to his reliance on both Calloway's and Jett's statements and the form Calloway provided to him when he requested that he be paid for 50 days of vacation time.

Similarly, MCL 769.26 provides:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

"Under MCL 769.26, a preserved, nonconstitutional error is not grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009). In essence, these rules require that this Court refrain from reversing a conviction unless the error was prejudicial. *People v Mateo*, 453 Mich 203, 215; 551 NW2d 891 (1996). "That inquiry focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence." *Id*.

This Court presumes nonconstitutional preserved errors to be harmless, and the defendant bears the burden of showing that the error resulted in a miscarriage of justice. *People v Hawthorne*, 474 Mich 174, 181; 713 NW2d 724 (2006). Error justifies reversal if it is more probable than not that it affected the outcome. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). "A preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013) (quotation marks and citation omitted).

Defendant correctly asserts that the statements by Calloway and Jett were nonhearsay. Hearsay is "an extrajudicial statement offered into evidence to prove the truth of the matter asserted." *People v Eady*, 409 Mich 356, 360; 294 NW2d 202 (1980). The truth of both statements was immaterial to the purpose for which they were offered. See MRE 801(c). Rather, both Jett's and Calloway's statements were intended to highlight defendant's reliance on the statements themselves, regardless of the statements' truth.

The prosecution effectively concedes this error by not challenging the trial court's exclusion on appeal. However, even if the exclusion of these nonhearsay statements were error, it does not require reversal. Defendant's testimony regarding these statements was cumulative of his testimony regarding his reliance on other employees in believing he was entitled to exceed the contractual limitations.

"[T]he admission of a hearsay statement that is cumulative to in-court testimony by the declarant can be harmless error, particularly when corroborated by other evidence." *People v Duenaz*, 306 Mich App 85, 97; 854 NW2d 531 (2014) (quotation marks and citation omitted). Admittedly, this case deals with the reverse: the exclusion of defendant's proffered statements and the subsequent prejudice stemming from that exclusion. However, we have previously recognized in the civil context that when testimony that was excluded in one instance was included elsewhere, any prejudice from the error was cured. See *Friedman v Farmington Twp Sch Dist*, 40 Mich App 197, 206; 198 NW2d 785 (1972) ("Insofar as plaintiffs' expert witness was subsequently allowed to testify as to the propriety of using warning signs, washing floors at times when they are not in use, and the effect of using water on a waxed floor, it is ruled that plaintiffs were allowed to get the substance of the excluded hypothetical question before the jury and as a consequence any error in the exclusion was harmless error."). We have also refused to reverse a defendant's convictions for cumulative testimony in a number of other instances. See, e.g., *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008) (refusing to reverse the defendant's conviction because the alleged error in testimony was cumulative of other testimony).

Defendant's alleged prejudice is that the exclusion of this evidence undermined his ability to show a lack of intent and a reliance on others when he requested vacation pay in excess of the five-day contractual limitation. However, because defendant was allowed to introduce significant evidence of his reliance on others and his lack of intent to defraud in other instances, he has not shown the requisite prejudice. Defendant introduced the form that Calloway provided to him during his conversation with her into evidence. Defendant testified that this form led him to conclude that he was to request payment for 50 vacation days in 2012 rather than receive nothing. Defendant also explained that this led him to conclude he could exceed the five-day limit in his contract in subsequent years.

The jury was allowed to review this form. Furthermore, defendant repeatedly testified in other instances that he relied on this form and Calloway's representation of the number of days he was entitled to. Defendant was also allowed to later clarify that he specifically relied on Calloway's representation that he had "50 days to spend." In short, even though the trial court precluded defendant testifying about Calloway's testimony in some instances, defendant was allowed to introduce his perception of these statements in other instances.

Similarly, defendant was permitted to test to his discussions with Jett and to his reliance on Jett's statements as his supervisor in requesting his 50 days of vacation pay. Defendant also testified about how he returned the form to Calloway and his assumption that she would double check his request to verify that the time was available for repayment. Defendant also testified that in a 2012 conversation with Jett, he told defendant that he would agree to pay defendant for the 50 days of vacation.

Because the crux of defendant's defense was that he relied on the statements of other employees and the school district's administration in requesting 50 days of vacation pay, the aforementioned testimony indicates that significant evidence was presented that would tend to show that a number of individuals represented to defendant that he was entitled to exceed his vacation pay limit. Despite this, the jury convicted defendant. Defendant has failed to demonstrate on appeal that the exclusion of these statements prejudiced defendant because the substance of these statements was introduced elsewhere. Therefore, the exclusion of a single statement from Calloway and a single statement from Jett, cumulative of other evidence, did not prejudice defendant. As a result, defendant was not prejudiced and reversal is not required.

Affirmed.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra