*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 19, 2023

Plaintiff-Appellee,

v

No. 362298
Lenawee Circuit Court
ERNEST WILLIAM BLACK,

LC No. 2021-020670-FC

Defendant-Appellant.

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual penetration of victim under 13 years of age by defendant 17 years of age or older), and one count of accosting, enticing or soliciting a child for an immoral purpose (accosting), MCL 750.145a. Defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to life-without-parole for each CSC-I conviction, and 30 to 72 months' imprisonment for the accosting conviction. We affirm.

This case arises out of the repeated sexual assault of a-five-year-old victim between April 2016 and July 2017, in her home in Morenci, Michigan, during which defendant sexually penetrated the victim on numerous occasions, in addition to playing a pornographic video in the presence of the victim, and her sister, DC. Before trial, the prosecution filed a notice of intent to use other-acts evidence under MCL 768.27a and MRE 404(b), and detailed that it intended to present the testimony of CR, the mother of former victim AL, who walked in on defendant penetrating four-year-old AL, saw defendant's erect penis, and received defendant's admissions after witnessing the assault. The notice of intent provided defendant pleaded guilty to the CSC-I charge on October 30, 2003, for the sexual assault. The prosecution further noted that it planned on presenting the testimony of Detective John Scafasci of the Washtenaw County Sheriff's Department, concerning a second incident involving defendant sexually assaulting two minor children, five-year-old DP, and four-year-old GP, who are defendant's nieces. Detective Scafasci was responsible for the underlying investigation and obtained a confession from defendant on June 4, 2001, when, amongst other admissions, defendant expressed that he took GP to the basement and placed his penis into GP's mouth.

In its notice of intent, the prosecution asserted that, pursuant to MCL 768.27a, evidence of the aforementioned incidents would be presented at the trial as other sexual offenses committed upon a minor, and the proposed testimonies were also relevant and admissible under MRE 404(b) as the sexual assaults featured young female victims. Defendant subsequently filed a motion in limine to exclude the other-acts evidence. In the motion, defendant argued that the other-acts evidence should be excluded from trial because it was irrelevant to the instant case and, therefore, did not qualify under MCL 768.27a as the alleged previous offenses occurred over a decade ago, and defendant was never convicted regarding the 2001 incident. Defendant further advanced that the evidence, even if deemed relevant, should be excluded under MRE 403 because the testimonies of CR and Detective Scafasci would elicit an emotional response from the jury that would prejudice defendant; that response, in conjunction with the significant length of time that had passed between the instant case and previous incidents, rendered the other-acts evidence substantially more prejudicial than probative.

The prosecution filed a response to defendant's motion in limine to exclude the other-acts evidence, and first clarified, regarding the 2001 incident involving defendant admitting to penetrating the mouth of four-year-old GP, that the matter never resulted in a conviction only because the young GP could not testify and, therefore, defendant's confession was inadmissible at trial. The prosecution then argued that there were notable similarities between the previous two assaults and the charged offenses, which favored admissibility of the other-acts evidence. Specifically, defendant acquired access to the victims through a trusting adult, and defendant penetrated young female victims. With regard to the temporal proximity of the previous acts to the current incident, defendant did not have the opportunity to further engage in similar behavior because of his prolonged incarceration[1], and placement in a halfway house for six to eight months, since the 2001 and 2003 assaults. The prosecution additionally expressed that the frequency of the acts, as defendant penetrated at least three minor children in his lifetime, and was now accused of assaulting a fourth, was directly related his propensity to perpetrate on very young girls. Furthermore, the evidence was not unfairly prejudicial under MRE 403 simply because the evidence damaged defendant's case.

On May 11, 2022, the trial court held a motion hearing and denied defendant's motion in limine. The court determined, in accordance with our Supreme Court's instruction that trial courts must weigh propensity evidence in favor of its probative value rather than its prejudicial effect, that the other-acts evidence detailing defendant's sexual conduct with three children was highly probative of whether defendant may have participated in the alleged conduct in this case, which included like allegations with a female child of a similar age. The trial court ultimately allowed admission of the other-acts testimonies of CR and Detective Scafasci at trial. The jury returned guilty verdicts regarding the CSC-I and accosting offenses, and this appeal ensued.

---

[1] We note, per the Michigan Department of Corrections Offender Tracking System (OTIS), defendant was incarcerated, for the 2003 CSC-I conviction, between November 20, 2003 and January 21, 2015, which is a period of approximately 11 years and two months, available at < https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=476589>.

Defendant argues the trial court abused its discretion when it admitted other-acts evidence regarding two previous sexual acts under MCL 768.27a because the prejudicial effect of the other-acts evidence outweighed its probative value, and defendant was consequently denied his due process right to a fair trial. We disagree.

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *People v Solloway*, 316 Mich App 174, 191; 891 NW2d 255 (2016). "An abuse of discretion is found when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id.* at 191-192. This Court also reviews a trial court's ruling on a motion in limine for an abuse of discretion. *People v Langlois*, 325 Mich App 236, 240; 924 NW2d 904 (2018). "[D]ecisions regarding the admission of evidence frequently involve preliminary questions of law, e.g., whether a rule of evidence or statute precludes admissibility of the evidence. This Court reviews questions of law de novo." *People v Parrott*, 335 Mich App 648, 656; 968 NW2d 548 (2021) (quotation marks and citation omitted).

A preserved trial error in the admission of evidence does not constitute grounds for reversal "unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). "An alleged violation of a criminal defendant's due-process rights presents a constitutional question and is reviewed de novo." *People v Horton*, 341 Mich App 397, 401; 989 NW2d 885 (2022).

Defendant did not raise an objection on the ground that the admission of the other-acts evidence allegedly denied him a fair trial; thus his constitutional claim is unpreserved. We "review unpreserved constitutional issues for plain error affecting substantial rights." *People v Burkett*, 337 Mich App 631, 635; 976 NW2d 864 (2021) (quotation marks and citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Stokes*, 333 Mich App 304, 307; 963 NW2d 643 (2020) (quotation marks and citation omitted). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.*

MCL 768.27a is an evidentiary statute relevant to criminal sexual conduct cases, which states:

> (1) Notwithstanding section 27, in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

(2) As used in this section:

(a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.

(b) "Minor" means an individual less than 18 years of age.

MCL 768.27a "allows the prosecution to offer evidence of another sexual offense committed by the defendant against a minor without having to justify its admission under MRE 404(b)." *Solloway*, 316 Mich App at 192. In other words, evidence that would have been excluded under MRE 404(b), such as propensity evidence, is nevertheless potentially admissible under MCL 768.27a.

Defendant does not challenge the applicability of MCL 767.27a to the circumstances of his case. Defendant was charged and convicted of CSC-I in 2003 concerning the penetration of AL, and charged and admitted to the oral penetration of GP in 2001, a second CSC-I act; both of these are "listed offenses" for purposes of admissibility under MCL 768.27a. See MCL 28.722(j); MCL 28.722(w)(iv) (listing a violation of MCL 750.520b as a "Tier III" listed offense). Thus, MCL 768.27a indisputably applied, rendering evidence of the witnesses' allegations presumptively admissible against defendant at trial. See *People v Watkins*, 491 Mich 450, 484, 496; 818 NW2d 296 (2012) (stating the permissive language of MCL 768.27a means that "other-acts evidence in cases involving sexual misconduct against a minor 'may be considered for its bearing on any matter to which it is relevant' " unless the evidence is unfairly prejudicial per MRE 403).

Defendant objects to the prosecution's presentation of the other-acts evidence on the ground that the testimonies of the witnesses were "more prejudicial than probative," and should have been ruled inadmissible under MRE 403. Specifically, defendant advances that the trial court erred when it failed to conduct an appropriate balancing test in considering whether the other-acts evidence was admissible under MRE 403, which applies to evidence admitted under MCL 768.27a, and permits the exclusion of otherwise admissible evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." MRE 403; *People v Brown*, 294 Mich App 377, 386; 811 NW2d 531 (2011).

Our Supreme Court has instructed trial courts to engage in the MRE 403 balancing analysis with respect to every piece of evidence offered under MCL 768.27a. *Watkins*, 491 Mich at 489. In this case, the trial court conducted an extensive analysis during the motion hearing which detailed its rationale for the admission of the other-acts evidence regarding MRE 403 and the *Watkins* factors. MRE 403 authorizes the exclusion of otherwise admissible evidence if "its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." MRE 403 (emphasis added). When applying MRE 403 to MCL 768.27a evidence, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. The MRE 403 balancing test encompasses consideration of the following, otherwise known as the *Watkins* factors:

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other

acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

Although evidence offered against a defendant is, by its very nature, prejudicial to some extent, the term "unfair prejudice," as used in MRE 403, refers to when "there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Kowalski*, 492 Mich 106, 137; 821 NW2d 14 (2012) (quotation marks and citation omitted).

The record clearly demonstrates that defendant was charged with listed sexual offenses against a minor, and that the testimonies of the witnesses also featured listed sexual offenses against minors. The testimonies of CR and Detective Scafasci were therefore highly probative of defendant's propensity for the sexual abuse of minor children. Furthermore, several other similarities existed between the victim's and the witnesses' allegations. Detective Scafasci testified that he received a criminal sexual conduct complaint on May 9, 2001, concerning the sexual abuse of two minor female children, GP and DP, who are defendant's nieces. Detective Scafasci expressed that, through his investigation, he discovered GP and DP were four and five years old, respectively, at the time, and the underlying incident involved oral sex. Detective Scafasci subsequently interviewed defendant on June 4, 2001, in an effort to confront defendant regarding the criminal sexual conduct allegations, during which defendant admitted that he took GP to the basement and had her perform oral sex on him.. CR testified that she walked in on defendant penetrating her four-year-old daughter AL, and received several statements of admission from defendant after witnessing the assault.

Although the acts occurred in 2001 and 2003, each incident of sexual abuse described by the witnesses occurred in a residence, when defendant was alone with the victims and isolated from other persons in the home, and established defendant's propensity for sexually abusing conveniently available young female children. With regard to the temporal proximity of the previous acts to the current incident, defendant did not have the opportunity to further engage in similar behavior because of his 11-year incarceration and placement in a halfway house for six to eight months after the 2001 and 2003 assaults. Moreover, while there was period of 13 years between the last noted assault in 2003 and the conduct in this case, as the trial judge aptly noted:

I also think that the fact that he was approximately 30 years old at the time of the first incidence mitigates against that as well. He was at that time a fully-grown adult of over 30 years. It's not a situation where we had someone who was had just become an adult and may have had a time to further mature. [Defendant] was over 30 years old at the time of the original incidence, so I don't think that temporal proximity is a reason for excluding this evidence as being more prejudicial than probative.

Furthermore, the frequency of the acts, as defendant penetrated at least three minor children in his lifetime, and was accused of assaulting a fourth in the instant case, was directly related to his propensity to perpetrate on very young girls. The other-acts evidence was also reliable as defendant was convicted of CSC-I for the 2003 incident, and confessed to his conduct in a recorded interview regarding the 2001 criminal sexual conduct allegations. Consequently, this propensity inference weighs in favor of the probative value. *Watkins*, 491 Mich at 487.

-5-

Defendant further advances that, in light of the other evidence presented at trial concerning the underlying conduct, the witness's testimonies were unnecessary. Due to the lack of physical evidence regarding the instant offenses, this case was a credibility contest . The victim's allegations provided ample evidence of defendant's culpability only if the jury credited her testimony. The other-acts testimonies of CR and Detective Scafasci supported the victim's credibility. See *id*. at 464-465, 492 (concluding that the trial court had misapplied the MRE 403 test in the MCL 768.27a context by "fail[ing] to weigh in favor of the evidence's probative value the extent to which the other-acts evidence [allegations that the defendant had sexually abused his daughter 20 years prior] supported the victim's credibility and rebutted the defense's attack thereof"); see also *People v Duenaz*, 306 Mich App 85, 100; 854 NW2d 531 (2014) (stating, "[t]he evidence of the similar assault against the other victim was very probative and important to the prosecution's case, especially because defendant was able to claim a lack of physical evidence of sexual assault"). In sum, the other-acts evidence was highly probative. *Watkins*, 491 Mich at 491.

The other-acts evidence was not unfairly prejudicial. The acts that the witness and the victim described were similar; all occurred when the girls were at similar ages, all occurred in a residential setting, all involved an opportunistic crime of convenience, all involved sexual penetration, and all incidents of sexual abuse only ceased when discovered and reported by a third party. Although the witnesses described events that occurred in 2001 and 2003, which was a notable period of time before defendant's trial herein, the detailed abuse would have occurred when the previous victims were four and five years old respectively, and at a similar age of the victim herein. There were no notable "intervening acts" to affect the analysis, and to the extent that the testimonies of the witnesses were aged or contained inconsistencies, reliability and credibility are matters properly left to the finder of fact. *People v Muhammad*, 326 Mich App 40, 71; 931 NW2d 20 (2018). Furthermore, during the final jury instructions, the trial court directly informed the jury:

> The Prosecution has introduced evidence of claimed acts of Sexual Misconduct by the Defendant with minors, for which he is not on trial. Before you may consider such alleged acts as evidence against the Defendant, you must first find that the Defendant actually committed those acts. If you find that the Defendant did commit those acts, you may consider them in deciding if the Defendant committed the offenses for which he is on trial now.
>
> You must not convict the Defendant here solely because you think he is guilty of other bad conduct. The evidence must convince you beyond a reasonable doubt, that the Defendant committed the alleged crime, or you must find him not guilty.

"Jurors are presumed to follow their instructions, and jury instructions are presumed to cure most errors." *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020) (quotation marks and citation omitted). Nothing in the record would suggest the jury failed to follow the trial court's instructions. Because the highly probative value of the other-acts evidence was not substantially outweighed by the danger of unfair prejudice, the trial court did not abuse its discretion when it permitted its admission at defendant's trial.

Defendant lastly argues MCL 768.27a is unconstitutional, and that its application allowing the admission of the other-acts evidence violated his due process rights. Defendant specifically purports that MCL 768.27a undermines the long-standing principles the rules of evidence are based on, and perpetuates stereotypes about defendants charged with sexual offenses. However, our Supreme Court explicitly provided in *Watkins* that MCL 768.27a presents no due process issues so long as MRE 403 is applied when determining whether other-acts evidence is admissible, and the trial court conducted the MRE 403 analysis in the instant case. *Watkins*, 491 Mich at 456. Furthermore, this Court recently rejected the argument that MCL 768.27a is unconstitutional, and specifically held that the statute did not violate due process because it did not alter the quantum of proof or the probative value of the evidence that the prosecution had to present. *People v Muniz*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355977); slip op at 10. For these reasons, it was not fundamentally unfair to allow the admission of the other-acts evidence against defendant.

Affirmed.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney